*Appearance.*

---

ST. JOSEPH SCHOOL BOARD *ex rel.* JOHN DONOVON, JR., Appellant, v. GEORGE C. HULL *et al.,* Respondents.

Kansas City Court of Appeals, December 6, 1897.

1. **Offices and Officers:** NEGLECT OF MINISTERIAL DUTY: INTENTION. If a public officer neglect a simple ministerial duty, he must respond in damages, and his intentions will not excuse.

2. **Tender:** ACCEPTANCE: PRESCRIBING TERMS. One can not accept a tender of money and at the same time prescribe the term of acceptance; but if he accepts, he does so on the conditions tendered.

3. ———: ———: LIQUIDATED AMOUNT: CONSIDERATION. Where an unqualified tender of part of a liquidated amount is accepted, it will not prevent action for the balance, as the. acceptance was without consideration.

4. ———: ———: ———: SCHOOL WARRANT. A school warrant on its face fixes the amount due thereon, but in this case there was a *bona fide* dispute as to damages arising from delay in payment, and the holder's acceptance of the treasurer's tender of a given amount was binding.

5. Action: QUESTIONS NOT MADE IN THE RECORD: RECOVERY. Relator based his claim on the ground that his school warrant drew interest and demanded such interest. He must recover on the case as made in his petition and not on another.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*Brown & Pratt* for appellant.

(1) It was freely admitted on the trial, and is the law, that the warrant in question did not bear interest and that Hull, the treasurer, had no authority at any time to pay any further sum thereon than the amount expressed in its face. *Dyer v. Covington Twp.*, 19 Pa. St. 200; *Allison v. Juniata Co.*, 50 Pa. St. 351. (2) And it is also settled that a suit will lie against an officer and his sureties, upon his official bond, at the relation of any person injured by a breach of the condition of the bond. *State ex rel. v. Hadlock*, 52 Mo. App. 297; *State v. Griffith*, 63 Mo. 545; *State v. Taylor*, 6 Mo. App. 277. (3) Nor is there any question in this case that it was the duty of the treasurer to pay the warrant in question on demand, according to the order and requirement of the board, and that it was a breach of the express condition of the bond not to do so. *Amy v. The Supervisors*, 11 Wall. 136, 138; *Knox v. Hunolt*, 110 Mo. 67, 74, 75; *Ins. Co. v. Leland*, 90 Mo. 177; *Clark v. Miller*, 54 N. Y. 528; *State v.*

St. Joseph School Board v. Hull.

*Ruth*, 68 N. W. Rep. 189. (4) Up to this point there seems to be no controversy between the parties. But the court declared the law to be that the relator could not accept the amount due from the board without releasing Hull from the claim for damages against him resulting from his unlawful conduct. Although an agreement to that effect would have been void, as being without consideration and contrary to public policy, because it involved bribing an officer to perform an official duty by releasing him from a personal liability, yet in this case the court went even further, and held that Hull was released from his liability for damage already accrued by being permitted to perform an official duty, although the relator was there all the time asserting his liability and threatening to enforce it. It is believed that this is the first time that such a claim has been made in any court.

*B. R. Vineyard* for respondents.

(1) Where, as here, an offer of an accord is made of an unliquidated demand, or one about which there is an honest difference, upon the condition that it be taken in full satisfaction, the party to whom it is made has no alternative but to refuse it, or accept it upon such condition; and if he takes it, no protest or declaration made by him at the time or afterward can affect the transaction. *Bull v. Bull*, 43 Conn. 455; *Potter v. Douglass*, 44 Conn. 541; *Treat v. Price*, 47 Neb. 875; *Towslee v. Healy*, 39 Vt. 522; *McDaniels v. Lapham*, 21 Vt. 222; *Nassoiy v. Tomlinson*, 148 N. Y. 326; *Fuller v. Kemp*, 138 N. Y. 231; *Browley v. School District*, 47 Vt. 381; *R. R. v. Allen*, 46 Ark. 217; *Truax v. Miller*, 48 Minn. 62; *Brick v. Plymouth Co.*, 63 Iowa 462; *Adams v. Helm*, 55 Mo. 470–471; *Henderson v. Cass County*, 107 Mo. 56; *Maack v. Schneider*, 51 Mo. App.

101; *Deutmann v. Kilpatrick*, 46 Mo. App. 629; *Perkins v. Headley*, 49 Mo. App. 562; *Claflin v. McDonough*, 33 Mo. 416. (2) The term liquidated, when used in this connection, means one where the amount due has been ascertained and agreed upon by the parties, or is fixed by operation of law. All else is unliquidated. *Treat v. Price*, 47 Neb. 883; *Hargroves v. Cooke*, 15 Ga. 321, 332. (3) Donovan demanded the principal and interest on it from the date of the warrant, or a previous demand, but finally accepted the principal from Hull and delivered up the warrant, and protesting, as he says, that he would sue for the interest. No suit for interest in the form of damages, and outside of a contract to pay it, is recoverable after the payment of the principal, even though protest against accepting the principal as payment in full be made all the time. *Cutler v. The Mayor*, 92 N. Y. 166, 170, 171; *Tillotson v. Preston*, 3 Johns. 229; 1 Sutherland on Damages, 677; *Stone v. Bennett*, 8 Mo. 41; *Jacot v. Emmett*, 11 Paige, 142; *Am. Bible Society v. Wells*, 68 Me. 572; *Stevens v. Barringer*, 13 Wend. 639.

ELLISON, J.—This action is based on the official bond of defendant Hull, treasurer of the St. Joseph school board, and the other defendants as his sureties. Judgment in the trial court was for defendants.

It appears that there was issued to relator by the school board a warrant for $23,500 for the purchase money of a school house site in the city of St. Joseph. STATEMENT. That a suit was begun against defendant Hull enjoining the payment of the warrant. A temporary restraining order was granted in the first part of July, 1894, which was continued until August 1, when it was dissolved. The suit was dismissed in October following. Before the restraining order was dissolved, the relator demanded payment of the war-

rant, the defendant Hull refusing the demand on the ground of the restraining order. After it was dissolved relator demanded payment, which was refused on the ground that the case was yet pending. After the case was dismissed in October, the relator again demanded of Hull the payment of the warrant, together with interest thereon from date. Hull denied any interest was due and refused to pay anything unless relator would accept the face of the warrant as payment in full. Relator thereupon received the face of the warrant and delivered it up to Hull, protesting, however, that he did not accept the money in full payment, and asserting his right to sue for the interest.

It is conceded that the warrant itself is not an interest bearing obligation, interest being prohibited by section 8017 of the statute of 1889. But plaintiff's claim is really based upon an alleged nonperformance of duty by Hull, the treasurer, in not paying the warrant when demanded, whereby he rendered himself and his sureties liable on his official bond for the damages sustained, which would be the interest on the sum detained.

It may be conceded that defendant and his sureties are liable on his official bond for the wrongful refusal to pay money in his hands on the presentation of a proper warrant. "The rule is well settled that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do such act, he may be compelled to respond in damages to the extent of the injury arising from his conduct. There is an unbroken current of authorities to this effect. A mistake as to his duty and honest intentions will not excuse the offender." *Amy v. The Supervisors*, 11 Wall. 136, 138; *Knox v. Hunolt*, 110 Mo. 67, 74, 75; *Ins. Co. v. Leland*, 90 Mo. 177; *Clark v. Miller*, 54 N. Y. 528.

OFFICES and officers: neglect of ministerial duty: intention.

But in this case there was a question whether defendant Hull should have paid the warrant when demanded at the times prior to the last demand. He contended that he had a right to refuse payment on account of the injunction proceeding. He therefore refused to pay more than the face of the warrant after the injunction had been finally dismissed, and refused to pay even that, unless relator would surrender up the warrant. Hull tendered the money in full discharge of relator's claim. and the latter accepted the money, though denying that it was in full of his demand. We think he thereby disabled himself from maintaining this action. For the law is that one can not accept a tender and at the same prescribe the terms of the acceptance. *Adams v. Helm*, 55 Mo. 468. It is familiar law that a tender, to be sufficient to protect the party making it, must be unconditional. One of the principal reasons supporting this rule is that by attaching a condition, the person to whom the offer is made is *forced* to decline it, or else *give up the balance of his claim;* for if he accept the sum tendered, made on condition, he accepts the condition. So it is said in *Potter v. Douglass*, 44 Conn. 541: "There is a material difference between receiving money duly tendered, and receiving it when offered in full of an unliquidated claim. In the one case there is no condition attending the tender, and in the other there is a condition which the party receiving the money must comply with, or he has no right to receive it. In the one case the party receiving the money may sue for more, if more is due him, but in the other case, the offer being in full of the claim, if the money is received, the law regards it as in full, and the party can not recover more, even if more is due him. In the one case it is always safe to receive the money, for no hazard is incurred in doing so, but it is not so in the other case,

*[Margin note: TENDER: acceptance: prescribing terms.]*

if the party taking the money claims a greater amount due him." Further on the same court said: "An 'express declaration on the part of' the person taking the money that it is not in full will not save him from the consequence following his act of taking the money."

So it was said in *Towslee v. Healy*, 39 Vt. 522, "that when a sum of money is tendered or offered in satisfaction of a claim, and the tender or offer is accompanied with such acts and declarations as amount to a condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such condition, an acceptance under such an offer constitutes an accord and satisfaction, notwithstanding the party when he took the money claimed more, or declared he did not take it in full." The case of *R'y v. Allen*, 46 Ark. 217, like the case at bar, was where the party accepting the conditional offer did so under protest and threatened suit for the balance claimed; but he was held barred by his acceptance.

The rule is not the same where the demand is fixed or liquidated and the dispute as to the sum due is not in good faith. In such case an acceptance of a less sum, though tendered in full, will not discharge the debt, since there is no consideration. But where there is a *bona fide* disagreement as to the sum due or of the debtor's liability, the case is different. *Fuller v. Kemp*, 138 N. Y. 231. The fact of the uncertainty of the claim, or an honest difference as to what is due on an unliquidated demand, furnishes the consideration. *Maack v. Schneider*, 51 Mo. App. 101; *Fuller v. Kemp, supra; Nassoiy v. Tomlinson*, 148 N. Y. 326.

And a demand to be liquidated must be agreed upon by the parties or fixed by law. *Treat v. Price,*

Sup. Ct. Neb. 1896; *Hargroes v. Cook*, 15 Ga. 332. In this case the sum due on the face of the warrant was fixed, but the subject of dispute was whether anything *more* was due than the face of the warrant. The sum due relator beyond the sum named in the warrant, if anything, was not fixed in fact or by law, and whether the facts or circumstances of the case were such that relator was legally entitled to damages for the delay, was a matter of honest difference of opinion, and relator, under the view we take of the law, can not avoid the consequences of his act in accepting the sum named in the warrant.

*school warrant.*

Counsel say that it was defendant Hull's duty to pay the face of the warrant when relator demanded it after the temporary restraining order was dissolved. That it continued to be his duty up to the time he paid it, and that he ought not to be permitted, by finally paying the warrant, to prescribe a condition that he be released from a personal liability for damages arising by reason of his refusal to perform his duty. The contention, perhaps, amounts to this—that relator had two distinct demands, one against the school district for the face of the warrant, which was to be paid through Hull as treasurer, and the other for damages against Hull for refusing to pay the warrant. But no such case was made by the petition, or by the testimony as given by relator himself. Relator never made a claim for damages. He based his claim on the ground that the warrant drew interest. The record shows, without a particle of doubt, that after a refusal to pay on demand he contended for interest as a part of the sum due him on the warrant. The point is therefore not in the case and is not considered.

ACTION: questions not made in the record: recovery.

The judgment is affirmed. All concur.