POLLMAN AND BROTHERS COAL AND SPRINKLING COMPANY, *Appellant*, v. CITY OF ST. LOUIS.

145   651
166   332
166   335

Division Two, October 17, 1898.

145   651
99a  ¹665
100a ⁴601

145   651
179  ¹540

1. **Contracts**: RECEIPTS : FORCE OF. The payment of a part of a debt, or of liquidated damages, is not a satisfaction of the whole debt, even when the creditor receives the part for the whole and receipts for the whole demand.

2. ———— : ———— : ———— : COMPROMISES. But where the payment has been made or the receipt given as a result of a fair and well understood compromise, which has been faithfully carried out, the creditor can have no further claim for the balance. Nor can he have, if the payment has been made for a new consideration.

3. ———— : ———— : ACCEPTANCE : PROTEST. If one accepts a payment upon the condition that it is to be received in full satisfaction of his claim, his entire claim has been satisfied, even though he filed a written protest at the time of accepting the amount paid (which he has since retained) notifying the debtor that he would insist on the balance claimed.

4. ———— : LIQUIDATED DAMAGES : SET-OFF. One can not claim that the amount due him is liquidated, when the balance due him is fairly in dispute because of the amount of set-off claimed by his debtor.

*Appeal from St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

Affirmed.

*Lubke & Muench* for appellant.

(1) The claim of plaintiff was liquidated, ascertained and undisputed. Payment of only part thereof is not payment of the whole, and plaintiff can maintain its action for the balance, and have the justness of defendant's counter-claim inquired into, notwithstanding a formal receipt in full. Especially is this so when the diminished sum was received under protest, and a contemporaneous notice served on defendant that the claim for the balance would be maintained. *Riley v. Kershaw,* 52 Mo. 224; *Perkins v. Headley,* 49 Mo. App. 556; *Maack v. Schneider,* 51 Mo. App. 92; *Swofford v. Goss,* 65 Mo. 55; *Griffith v. Creighton,* 61 Mo. App. 1; *Chamb. of Com. v. Knowlton,* 42 Min. 229; *Fire Ins. Ass'n v. Wickham,* 141 U. S. 564; *Railroad v. Davis,* 35 Kas. 464. (2) Where a claim consists of several items, and the debtor allows some, and wholly rejects others, the creditor is not precluded from suing on the rejected items, even though he accepts the smaller sum with full knowledge of the debtor's position. *Wilson v. Palo Alto Co.,* 65 Iowa, 18.

*B. Schnurmacher* and *Chas. Claflin Allen* for respondent.

(1) The releases having been executed by plaintiff with a full knowledge of all the facts, and without trickery or deception on the part of defendant, are a bar to any action at law by plaintiff until set aside by a court of equity. *Och v. Railroad,* 130 Mo. 27; *Hancock v. Blackwell,* 139 Mo. 440; *Grumley v. Webb,* 48

Mo. 562; *Dengler v. Auer*, 55 Mo. App. 548. (2) Even where an equitable proceeding is unnecessary, that is, where the release is void instead of being merely voidable, so that an action at law may be maintained, a prerequisite is a return of the money or other consideration received, so as to place the parties *in statu quo. Carson v. Smith*, 133 Mo. 606. (3) Where a party receives part of a demand concerning which a controversy exists, on a tender from his debtor, asserting that the same is in full, he accepts the condition as well as the thing tendered, and can not afterwards be heard to complain that the amount accepted was insufficient. A tender must be accepted as made; the creditor has no alternative but to refuse it, or accept it with the conditions annexed thereto. *Adams v. Helm*, 55 Mo. 468; *Perkins v. Headley*, 49 Mo. App. 556; *Deutmann v. Kilpatrick*, 46 Mo. App. 624; *Henderson v. Cass Co.*, 107 Mo. 50; *Lee v. Dodd*, 20 Mo. App. 271; *Haeussler v. Duross*, 14 Mo. App. 103. (4) And under the circumstances last stated, it will not avail the creditor to protest while he accepts the thing tendered. *Truax v. Miller*, 48 Minn. 62; *Bull v. Bull*, 43 Conn. 455; *Preston v. Grant*, 34 Vt. 201; *Adams v. Helm*, 55 Mo. 468; *Callahan v. New York*, 6 Daly, 230; *Railroad v. Allen*, 46 Ark. 217; *Bromley v. School District*, 47 Vt. 381. (5) Where the items of an account are not disputed, it is nevertheless an unliquidated account if the debtor claim a set-off which is not admitted by the creditor. *Ostrander v. Scott*, 161 Ill. 339.

GANTT, P. J.—This cause is here upon appeal from a judgment in favor of defendant on a demurrer to plaintiff's reply.

Plaintiff was one of the street sprinkling contractors for the year 1893. It procured five contracts for

sprinkling five districts of the city, beginning March 15 and ending December 1, 1893. Each of said districts embraced certain streets and public places of the city, and each contract provided for the payment of a certain lump sum to plaintiff for the work to be done. Payments were to be made upon monthly certificates or estimates, covering ninety per cent of the amount of work done during the month, the remaining ten per cent to be certified in favor of plaintiff upon the full completion of each contract to the satisfaction of .the street commissioner. One of the provisions of the contracts was to the effect that the contractor should exercise great care in operating the fire and sprinkling plugs, out of which he was permitted to obtain water free of charge, and that all repairs of damages or injuries done by the contractor or his employees to such plugs should be made by the water commissioner of the city, said commissioner to report the cost thereof to the street commissioner, and the latter to deduct the amount from any moneys due the contractor under the contract.

Payments were made to plaintiff from time to time until the close of the sprinkling season. At that time the street commissioner made out estimates of the total amount of work done under each of the said contracts, and, after deducting therefrom payments theretofore made on account, and in each instance a certain sum for repairs to fire and water plugs, forwarded said estimates and statement to the president of the board of public improvements, who approved the same and forwarded them to the city auditor, who in turn allowed the same. Thereafter, on December 22, 1893, plaintiff received and accepted from said auditor warrants upon the city treasurer for the amounts thus allowed, which warrants he presented for payment, and on December 23, 1893, received the amounts called for in each, and in each instance signed a receipt in full payment and

satisfaction of the account, and of all claims against the city.

All of the foregoing matters appear in the petition and answer in the case.

Plaintiff thereupon filed a reply to the answer in which plaintiff substantially admits all of the foregoing facts, but denies that the amounts charged against it for repairs to fire and sprinkling plugs were properly charged, because plaintiff avers that no damage or injury was done to them by any of its employees, and that whatever repairs were made were in consequence of the usual and ordinary wear and tear of the plugs or for injuries inflicted by parties other than plaintiff.

The reply admits that plaintiff received the amounts tendered by defendant, and that plaintiff executed receipts in full, as averred in the answer, *but set forth that on receiving said several amounts, and on signing and delivering said several receipts, plaintiff protested against the deductions, denying liability therefor, and asserting in the protest that it signed said receipts only because they were "forced" on plaintiff by the city, and because plaintiff "could not help itself, and needed said money."*

To this reply defendant demurred generally, on the ground that the same did not contain matter sufficient to overcome the effect of plaintiff's act in receiving the money tendered it, with the condition annexed thereto that the same was in full discharge of all of plaintiff's claims, or to overcome the effect of plaintiff's releases.

The demurrer was sustained and judgment thereupon entered in favor of defendant upon the pleadings, from which judgment plaintiff has appealed.

Plaintiff's contention is that it is entitled to recover in this action the amounts withheld for repairs to plugs, notwithstanding the foregoing facts, on the

well established proposition of law that where a debt is undisputed and certain, payment of a less amount than the whole will not bar an action for the recovery of the balance.    Defendant acquiesces in this proposition fully, but contends that it has no application to the case at bar.

On the contrary, defendant claims that in December, 1893, a controversy did arise, and exist, between the parties as to the proper meaning of their contracts, and as to the amounts due and payable thereunder, and that the tenders to plaintiff having been conditional and plaintiff having accepted the same, and having executed the releases referred to in the answer, plaintiff should not now be permitted to maintain suit to recover the alleged balance.

I.    It is well settled law that the payment of a part of a debt, or of liquidated damages, is not a satisfaction of the whole debt even when the creditor receives the part for the whole, and receipts for the whole demand.    *Riley v. Kershaw*, 52 Mo. 224; *Willis v. Gammill*, 67 Mo. 730; *Tucker v. Bartle*, 85 Mo. 114.    But this doctrine has no application in cases of fair and well understood compromises of unliquidated or disputed demands faithfully carried out, nor in those cases in which a new consideration enters into the stipulations for the release of the whole debt by paying a portion only, as for instance if a part be paid before the whole is due or could be demanded, or if the payment of a part be more beneficial in any way to the creditor than that prescribed by the contract.    *Riley v. Kershaw*, 52 Mo. 224; *Tanner v. Merrill*, 108 Mich. 58; *Ostrander v. Scott*, 161 Ill. 339.    Defendant readily concedes the foregoing propositions, but insists that this case is not affected by them.

The learned city counselor maintains that a controversy arose out of the contracts of plaintiff with the

city as to certain set-offs for injuries to the fire and water plugs; that the city claimed that plaintiff's servants had wrought the injury, and this being true, the city was authorized by the contract to have the injuries repaired and the cost deducted from the contract price, and having made such claim and deduction, and tendered plaintiff the contract price, less these deductions, in full satisfaction, and not otherwise, plaintiff was bound either to reject *the tender as made,* or accept it in full, and having accepted it, is estopped to complain now that it was insufficient.   Plaintiff insists there was no dispute, but merely the claim of a set-off, and secondly that it received the tender *under written protest.*

The assumption of plaintiff that there was not and could not be a *disputed* claim because the amount of plaintiff's claim was fixed by contract is not tenable. The amount due the plaintiff was as much in dispute by virtue of the claim made by the city for repairs to the fire and water plugs as if the plaintiff had failed in some essential of its contract.   Its claim can not be held as liquidated when the balance due it was fairly in dispute as to the amount of set-off the city claimed.

While we should consider it evident upon sound principles that the claim of plaintiff was unliquidated by reason of the claim of the set-off, we are also fortified by eminent authority in so ruling.   Thus, in *Ostrander v. Scott*, 161 Ill. 345, it was said:   "It is claimed that the account of the plaintiff was liquidated because its items were not disputed.   But if there was a controversy *over a set-off* and the balance due the plaintiff was fairly in dispute, the claim could not be treated as liquidated."   In *Tanner v. Merrill*, 108 Mich. 61 the Supreme Court of Michigan, in a matter very similar to the same case at bar, said: "Upon the

undisputed facts, the claim of the plaintiff, as made, was not liquidated. It was not even admitted, but on the contrary, was denied, because the defendants claimed that it had been partially paid by a valid set-off. While the controversy was over the set-off, it is plain that the *amount due plaintiff* was in dispute." In view then of the contract, the claim made by defendant and the written protest of plaintiff, we hold that there was a dispute as to the amount due plaintiff.

We are then brought to consider the effect of plaintiff's action in receipting the city in full payment for its work and releasing it from all claims and demands whatsoever that might arise out of said contracts.

It is not charged that any fraud was perpetrated in obtaining plaintiff's signature to said receipts. With a full knowledge of all the facts, and after the respective claims of each party had been fully discussed, the defendant tendered the several amounts on each of said contracts in full payment and satisfaction of plaintiff's claims and plaintiff so accepted them and released defendant. This court in *Adams v. Helm*, 55 Mo. 471 held that when a tender was made in settlement of a disputed claim it was the duty of the party to whom it was made "either to refuse it or accept it on the terms *as made.*" That "she had no right to accept the tender and prescribe the terms of her acceptance." In *Perkins v. Headley*, 49 Mo. App. 562, the St. Louis Court of Appeals said: "But if there is a controversy between the creditor and his debtor as to the amount which is due and if the debtor tenders the amount which he claims to be due, but tenders it on the condition that the creditor accept it in discharge of his whole demand and the creditor does accept it, that will be an accord and satisfaction as a conclusion of law, the principle being that one who accepts a conditional

tender assents to the condition; he can not take the money and reject the terms on which it is tendered." That the tender in the case at bar was upon the express condition that it was to be received and receipted for in full clearly appears from the pleadings and it must be held that plaintiff accepted the same in full satisfaction of its several contracts. Such is to-day the great weight of authority. *Adams v. Helm*, 55 Mo. 468; *Ostrander v. Scott*, 161 Ill. 339; *Tanner v. Merrill*, 108 Mich. 58; *Fuller v. Kemp*, 138 N. Y. 231.

But plaintiff seeks to parry the effect of the foregoing rule by the fact that although it received the amounts tendered and receipted in full for all claims growing out of said contracts, it filed a written protest at the time of so doing, notifying the city it would insist upon the balance claimed. What effect in law is to be ascribed to these protests under these circumstances? We think the law is settled that where as in this case a debtor tenders a certain sum in full satisfaction of an unliquidated demand and the creditor accepts and retains the money, his claim is satisfied and no protest on his part will destroy the effect of his acceptance of the tender. *Fuller v. Kemp*, 138 N. Y. 231; *McDaniels v. Lapham*, 21 Vt. 222; *McGlynn v. Billings*, 16 Vt. 329; *McDaniels v. Bank*, 29 Vt. 230; *Bull v. Bull*, 43 Conn. 455; *Potter v. Douglass*, 44 Conn. 541.

Our conclusion is that the circuit court correctly sustained the demurrer to the reply and the judgment is accordingly affirmed. SHERWOOD and BURGESS, JJ., concur.