D. N. LIGHTFOOT & SON, Respondents, v. EDWARD HURD & COMPANY, Appellants.

Kansas City Court of Appeals, June 5, 1905.

1. **TENDER:** Acceptance: Good Faith: Disputed Amount. Where the amount of a debt is liquidated and the dispute in relation thereto is not in good faith the acceptance of a less sum is not a discharge; but such rule has no application to a bona fide dispute as to the amount due.

2. ———: ———: Condition: Protest. When money is tendered in satisfaction of a claim with a condition attached thereto, acceptance under such condition amounts to accord and satisfaction, notwithstanding the creditor may have claimed more and protested.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED AND REMANDED (*with directions*).

*C. H. Skinner* for appellants.

(1) The tender and acceptance of less than the amount of disputed claim in settlement of the entire claim is binding, and operates as a satisfaction of the

claim. Maack v. Schneider, 51 Mo. App. 92; Deutman v. Kilpatrick, 46 Mo. App. 624; Lindersmith v. Land Co., 31 Mo. App. 258; Worden v. Houston, 92 Mo. App. 371; Coal Co. v. St Louis, 145 Mo. 651. (2) One can not accept a tender of money and at the same time prescribe the terms of acceptance, but if he accepts he does so on the terms tendered. School Board v. Hull, 72 Mo. App. 403; Adams v. Helm, 55 Mo. 468. (3) Nor can he accept the benefits of a transaction and then repudiate parts of the transaction. If he accepts the benefits he thereby ratifies the transaction and is bound by it. Dry Goods Co. v. Bank, 81 Mo. App. 46; Hamill v. Talbott, 81 Mo. App. 210. (4) If one accepts money tendered upon a certain condition, or for a certain purpose, the law imposes the condition and requires him to apply it to the purpose for which it was tendered, and no amount of protest will destroy the effect of the acceptance. Coal Co. v. St. Louis, 145 Mo. 651; Ostrander v. Scott, 161 Ill. 339; Fuller v. Kemp, 138 N. Y. 231; McCormick v. St. Louis, 166 Mo. 315; Neely v. Thompson, 75 Pac. Rep. 117.

*William W. Wood* and *Mark C. Campbell* for respondents.

(1) "The rule is not the same where the demand is fixed or liquidated and the dispute as to the sum due is not in good faith. In such case an acceptance of a less sum, though tendered in full will not discharge the debt since there is no consideration." School Board v. Hall, 72 Mo. App. 409; Goodson v. Accident Assn., 91 Mo. App. 352. (2) Upon this question as to whether we should have returned the check for $1,332.70, we cannot use more clear, conclusive and forcible language, than that employed by this court in the case of Goodson et al. v. Accident Ass'n; 91 Mo. App. 352. (3) The mere retention by a creditor of money to which he was entitled absolutely, will not amount to an accord and sat-

isfaction even when tendered as payment in full. To create an accord and satisfaction the thing tendered must be accepted in satisfaction. Perkins v. Hadley, 49 Mo. App. 562; Line v. Nelson (N. J. L.), 38——. 358; Haggin v. Williamson, 21 Ky. 8; Stock v. Trans. Co., 51 N. Y. Supp. 324; Impl. Wks. v. White, 59 Ill. App. 171; Newton v. Rebenack, 90 Mo. App. 650; Johnson v. Railway, 126 Mo. 345; Burk v. Adams, 80 Mo. 504; Barrett v. Johannes, 70 Mo. 439; Henry v. Gilliland, 103 Ind. 177.

BROADDUS, P. J.—The plaintiffs are produce dealers engaged in buying and selling eggs at Humansville, Missouri; defendant Edward Hurd is a commission merchant doing business at Chicago, Illinois, under the style of Edward Hurd & Co. The evidence was that an agent of defendant named Smith, who traveled and solicited business for defendant, bought in February, 1902, a quantity of eggs from plaintiff at twenty-seven cents per dozen, or $8.10 per case. Plaintiff's evidence went to show that this agent bought all the eggs that plaintiffs would ship to defendant on Sunday—the following day. With this understanding upon their part, plaintiffs on the following day shipped to defendant at Chicago 231 cases of eggs. It was shown that the greater part of these eggs were bought by plaintiffs and shipped from points other than Humansville. When they arrived at Chicago defendant would accept only those shipped from Humansville and telegraphed plaintiffs to that effect; and also that they would sell the eggs on plaintiffs' account. But plaintiffs notified defendant that the eggs belonged to him, not to them. On February 24, defendant wrote plaintiffs as follows:

"Gentlemen: Monday morning we received 231 cases of eggs from you. Thirty-six cases of these eggs were shipped from Humansville, as per your notification to us of the twenty-second, and the balance from

different towns in your locality. We received a letter from our Mr. Smith stating he had bought what eggs you would get in at Humansville Saturday, February 20, and understood from you that it would be in the neighborhood of fifteen or twenty cases. The shipment we received from you caused us immediately to wire Mr. Smith to come in, as you stated our Mr. Smith had bought the 231 cases, and as he stated he only bought what eggs you had in Humansville we thought it best to have him here on the ground to find out exactly how the purchase was made, and it was made in this sense: that he would take what eggs you received at Humansville, and that it would be from fifteen to twenty cases at $8.10 per case, and he further states that you called him up on the 'phone at the depot and told him that you had another load coming and asked him if he wanted it and he said 'no.' " The remainder of the letter refers to his previous notice that he would sell the eggs on plaintiff's credit, and to express charges. The plaintiffs persisted that defendant's agent had bought all the eggs shipped.

On February 25 defendant again wrote to plaintiffs as follows:

"Gentlemen: We wired you last night, 'will not accept the eggs; wire immediate disposition.' We received your wire this morning stating that the eggs were ours and that you had nothing to do with them. In reply we wired you, 'will sell eggs your account.' We hereby confirm said telegram and hope that the controversy will now be settled. We mailed you check last evening for the thirty-six cases that were shipped from Humansville."

On March 1, defendant wrote plaintiffs the following:

"Gentlemen: According to the terms of our telegrams to you of the 24th and 25th, ult., we have sold all the eggs shipped by you excepting those from Humansville, for your account, and after deducting the usual

charges, herewith enclose our check for $1,332.70 as the net proceeds in full for the same. The enclosed account of sales shows prices received. Trusting this is satisfactory," etc.

The plaintiff received the check, gave defendant credit on their books and brought suit against defendant for the difference between the price of the eggs at $8.10 per case and the amount of the check.

At the close of plaintiff's case the court at the instance of defendant instructed the jury to find for defendant. The jury returned a verdict accordingly. The plaintiffs in due time filed a motion to set aside the verdict and grant them a new trial. The court sustained the motion on the ground of error in instructing the jury to find for defendant. From the action of the court in setting aside the verdict and granting plaintiffs a new trial defendant appealed. One question only is raised by the parties and that is, do the undisputed facts show that plaintiffs were not entitled to recover? If so, the action of the court in setting aside the verdict and granting a new trial was error.

The position of the plaintiffs is that, when the demand is fixed or liquidated, and the dispute as to the sum due is not in good faith, the rule of tender and acceptance for a less sum does not discharge the debt. And it was so held in School Board v. Hull, 72 Mo. App. 403, and Goodson v. Association, 91 Mo. App. 339. But we do not think the rule has any application to this case. Here, there was a dispute as to the amount of plaintiffs' demand. And there was nothing tending to show in the least degree that defendant's denial of the contract that his agent purchased eggs to be shipped from points other than Humansville was not in good faith. Immediately upon receipt of the eggs he informed plaintiff of his understanding of the contract and that he would only receive and pay for the eggs shipped from said point, and that he held the others subject to his order. His

agent, Smith, denied that he bought eggs shipped from other points and affirmed that the extent of his purchases was about fifteen cases. However, defendant finally consented to accept and pay for all the eggs shipped from Humansville. As to the residue, he notified plaintiffs that he would sell them on their account. He did so and sent the proceeds, less charges, and plaintiffs accepted the same and credited the amount on his account.

The rule applicable is found in Towslee v. Healy, 39 Vt. 522, and was quoted by Judge ELLISON in St. Joseph School Board v. Hull, 72 Mo. App. supra, viz.: "that when a sum of money is tendered or offered in satisfaction of a claim, and the tender or offer is accompanied with such acts and declarations as amount to a condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it, he takes it subject to such condition, an acceptance under such an offer constitutes an accord and satisfaction, notwithstanding the party when he took the money claimed more, or declared that he did not take it in full." "If one accepts a payment upon condition that it is to be received in full satisfaction of his claim, his entire claim has been satisfied, even though he filed a written protest at the time of accepting the amount paid notifying the debtor that he would insist on the balance claimed." [Coal Co. v. St. Louis, 145 Mo. 651.] The general rule is that, the tender and acceptance of less than the amount of a disputed claim in settlement of the entire claim is binding, and operates as a satisfaction of the same. [Maack v. Schneider, 51 Mo. App. 92; Deutmann v. Kilpatrick, 46 Mo. App. 624.] The court was right in instructing the jury under the facts to find for defendant. But it was error to set aside the finding of the jury and grant a new trial. Reversed and remanded with directions to restore the verdict of the jury and enter judgment for defendant. All concur.