UNIVERSAL TALKING MACHINE COMPANY, Respondent, v. LOUIS ROSENFIELD, Appellant.

Kansas City Court of Appeals, February 7, 1910.

SALES: Tender: Condition. If one returns a part of a lot of goods he had purchased of another and writes that they represent a stated sum of the account against him and that he encloses a check for a sum as the balance of the account, and the creditor cashes the check and in acknowledging receipt says he will credit the goods when they arrive, it is an acceptance of the tender as full settlement of the account.

Appeal from Jackson Circuit Court.—*Hon. H. L. Mc-Cune, Judge.*

REVERSED AND REMANDED (*with directions*).

*Cooper & Wilson* for appellant.

(1) The statement in the defendant's letter that he was returning goods to the plaintiff for which he was entitled to and claimed a credit on the account made the plaintiff's claim a disputed, unliquidated one. Ostrander v. Scott, 161 Ill. 339; Coal Co. v. St. Louis, 145 Mo. 651; Andrews v. Contracting Co., 100 Mo. App. 599; Cunningham v. Construction Co., 119 S. W. (Ky.) 767; Coal Co. v. Coal Co., 127 Mo. App. 320;

Railroad v. Clark, 178 U. S. 353. (2) The acceptance by the plaintiff of the defendant's check and its use and retention of the money obtained thereon effected a settlement of the plaintiff's claim. Hills v. Sommer, 53 Hun (N. Y.) 392; Grinnan v. Platt, 31 Barbour (N. Y.) 328; Looby v. Village of West Troy, 24 Hun (N. Y.) 78; Fuller v. Kemp, 138 N. Y. 231, 20 L. R. A. 785; Nassoiy v. Tomlinson, 148 N. Y. 326; Hutton v. Stoddart, 83 Ind. 539; Lumber Co. v. Brown, 68 Vt. 239; Gas Co. v. Johnson, 123 Pa. St. 593; Ostrander v. Scott, 161 Ill. 339; Woolen Mills Co. v. Long, 119 S. W. (Tex. Civ. App.) 908; Andrews v. Contracting Co., 100 Mo. App. 599; Cornelius v. Rosen, 111 Mo. App. 619; Lightfoot & Son v. Hurd & Co., 113 Mo. App. 612; Adams v. Helm, 55 Mo. 468; McGregor v. Construction Co., 188 Mo. 623; Coal Co. v. St. Louis, 145 Mo. 651; McCormick v. St. Louis, 166 Mo. 315; Knapp & Co. v. Pepsin Syrup Co., 137 Mo. App. 472, 119 S. W. 38; School Board v. Hull, 72 Mo. App. 403; Railroad v. Clark, 178 U. S. 353.

*Ellis, Cook & Barnett* for respondent.

(1) Defendant, although advising plaintiff of the fact that there was a dispute between the parties concerning the payment of the account, failed to condition the $63.56 check as in full settlement of the account. Perkins v. Headley, 49 Mo. App. 556; Towslee v. Healey, 39 Vt. 522; Preston v. Grant, 34 Vt. 201; Wilkerson v. Bruce, 37 Mo. App. 156; Implement Works v. White, 59 Ill. App. 171; Preserving Co. v. Frank, 87 Ill. App. 586; Lang v. Lane, 83 Ill. App. 543; Cyc. of Law & Proc., vol. 1, p. 312, 332; Coal Co. v. St. Louis, 145 Mo. 651; Andrews v. Contracting Co., 100 Mo. App. 599; Coal Co. v. Coal Co., 127 Mo. App. 320; Cornelius v. Rosen, 111 Mo. App. 619; Lightfoot & Son v. Hurd & Co., 113 Mo. App. 612; Adams v. Helm, 55 Mo. 468; McGregor v. Construction Co., 188 Mo. 611; McCormick v. St. Louis, 168 Mo. 315; School Board v. Hull,

72 Mo. 403; Fuller v. Kemp, 138 N. Y. 231. (2) A dispute over the mode of payment of an account, the amount being agreed upon, does not make the account an unliquidated one. Griffith v. Creighton, 61 Mo. App. 1; Howard v. Norton, 65 Barb. (N. Y.) 161; Cyc. of Law & Proc., vol. 1, p. 335.

ELLISON, J.—Defendant, residing in Kansas City, Mo., owed the plaintiff, who resided in Chicago, Ill., an account for goods, wares and merchandise of $438.56. He claimed the right to return the goods unused, and so on the 30th of January, 1907, he wrote to plaintiff the following letter: "At the time I took your agency, it was agreed with your representative that I could give it up at any time I wished and return any goods that I might have on hands, and since our talking machine business is growing so I cannot give the Zonophone machines and records justice, so have decided to give up the agency and return the records and machines. Same were returned to you yesterday by the Santa Fe, as per enclosed B-L. The amount returned was $375.00, and enclosed you will find check for balance, $63.56."

Plaintiff retained the check, cashed it, and sent a written receipt for the same to which it added: "As soon as goods are received we will give you credit for the same." Several weeks afterwards, on the 7th of March, 1907, plaintiff wrote to defendant denying his right to return the goods and stating they were held for his order. Afterwards plaintiff instituted this action claiming judgment for the amount of the account, less $63.56, the amount of defendant's check, and recovered judgment therefor in the trial court. Defendant appealed.

We think the judgment should have been for the defendant. His letter asserted two things, both of which plaintiff accepted and admitted. First, a right to return the goods; and second, that on returning them there was left a balance of $63.56, a check for which

was enclosed. There can be no doubt that the statement of a return of goods and enclosure of the check made a clear and plain disclosure, or assertion, to plaintiff, that it was in full settlement of the account between them. There is no room for any other construction. It was therefore a tender upon condition; and there was an acceptance; for a creditor cannot keep the thing tendered and reject the condition accompanying it. [Pollman Coal Co. v. St. Louis, 145 Mo. 651; Adams v. Helm, 55 Mo. 468.] The subject has been fully considered by this and the St. Louis Court of Appeals, the latter court quite recently. [George Knapp & Co. v. Pepsin Syrup Co., 137 Mo. App. 472; St. Joseph School Board v. Hull, 72 Mo. App. 403; Coal Co. v. Coal Co., 127 Mo. App. 320; Cornelius v. Rosen, 111 Mo. App. 619; Lightfoot v. Hurd & Co., 113 Mo. App. 612; Andrews v. Stubbs Co., 100 Mo. App. 599.]

Plaintiff reviews the authorities and seeks to make some difference in the tender being for balance "in full" and merely for "balance." But in the connection in which the word was used by defendant it could only have been understood in one way, viz.: that the returned goods and the balance represented by the check were to be a full settlement of the entire account.

The judgment is reversed and cause remanded with directions to enter judgment for defendant. All concur.