## H. C. ATTERBURY et al., Appellants, v. T. BINFORD et al., Respondents.

### Kansas City Court of Appeals, April 3, 1911.

1. **TENDER: Condition.** Where a party refusing to accept a tender in full discharge of a settlement and refusing to give a receipt in full, yet knowing that the tender is made by the debtor in full discharge, accepts it, he is bound thereby, since he cannot attach a condition to his acceptance.

2. **ACCORD AND SATISFACTION: Consideration.** Accord and satisfaction must be supported by a consideration; but if one accepts a sum of money in place of cattle and hogs which were short of the number agreed to be delivered on a trade, and the value of which was not fixed by the contract, the transaction itself shows a consideration.

Appeal from Adair Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*Campbell & Ellison, Weatherly & Frank* for appellants.

*Smoot & Cooley* for respondents.

ELLISON, J.—Plaintiffs' petition is an action for breach of contract therein set out, and defendants' defense is accord and satisfaction. At the close of the evidence for plaintiffs the defendants offered a demurrer to the evidence which the trial court sustained.

The terms of the written contract, which was dated the 12th of February, 1909, showed that plaintiffs owned

a large body of land in Texas, and defendants a large tract in Adair county, Missouri. For the Texas lands, defendants were to convey to plaintiffs the Missouri land (which was termed a ranch), and "all of the stock now on said ranch, including 22 head of horses and mules, seventy head of cattle, including steers, cows and calves, 190 head of sheep, 250 head of hogs and one-half of the poultry on said ranch, together," etc. In addition to this and as part of the consideration for the Texas lands, defendants were to "secure for par-ties of the first part a loan on the Adair county, Missouri, lands and property, in the sum of twenty thousand dollars, to be for not less than five years and to bear interest at not more than six per cent per annum, and shall take out of said loan the amount of the past due notes to G. F. Cowden, Jr., secured by a vendor's lien on the above described Ector county lands. and all accrued interest on deferred payments and up to March 10, 1909."

The contract provided that it was to be "consummated at Kirksville, Missouri, March 10, 1909," and when the parties met there arose a question concerning the live stock plaintiffs were to receive. They found the cattle were twelve, and the hogs ninety-nine, short of the number named in the contract. And they found that the loan could not be, or was not, procured on the exact terms agreed. A question of settlement then arose and it was finally agreed between them that defendants would pay plaintiffs eight hundred dollars to make up for the shortage in the live stock and fifty-seven dollars and fifty cents in settlement of the loan. They met next day and the money was paid. One of the plaintiffs, in testifying in his own behalf, admitted that this settlement was agreed upon, but he also said that when the money was paid he refused to accept it in full and refused to sign a receipt in full, yet he took it knowing that defendants were paying it as and for a full settlement. It is clear that by receiving the money in

that way, plaintiffs discharged the defendants; since they could not attach a condition to their acceptance. [St. Joseph v. Hull, 72 Mo. App. 403; Pollman Coal Co. v. St. Louis, 145 Mo. 651; Lightfoot v. Hurd, 113 Mo. App. 612.]

But the chief objection urged against the settlement is that it is not supported by a consideration. Plaintiffs insist that the contract specifies the number of cattle, and that there was no dispute, in good faith, between the parties, since defendants' duty was fixed and named by the contract and anything less accepted by plaintiffs would be a mere gratuity on their part. It is quite true that there must be a consideration to support an accord and satisfaction. But in this insistence of plaintiffs, they lose sight of the important fact that the contract does not fix a value on the cattle, and therefore the value of the number lost is to be accounted for in an amount of money agreed upon. In such circumstances a consideration is evident—as much so as where one sells an article to another for a certain price. The adequacy of consideration is not a question arising on the record.

The judgment was manifestly right and it will be affirmed. All concur.