SAMUEL OGILVIE, Respondent, v. WALTER L. LEE, Appellant.

St. Louis Court of Appeals, June 30, 1911.

1. **ACCORD AND SATISFACTION: Disputed Claim: Acceptance of Tender in Full Satisfaction.** When the amount of a claim is disputed, and the debtor tenders a less amount than the creditor claims, in payment of the whole, and it is accepted on that condition, such acceptance operates as a full satisfaction, whether the party accepting the tender intended it should so operate or not.

2. ————: ————: ————: **Instructions.** In an action for the purchase price of wheat, defended on the theory that plaintiff had accepted a tender of a less amount than was claimed to be due, in full settlement of the claim, an instruction given by the court of its own motion that if defendant offered plaintiff's agent a sum less than that claimed, stating that it was in full compensation, and that it was accepted in full satisfaction, then defendant was not liable, any contract to the contrary notwithstanding, is not subject to the criticism that it directed the jury to find for plaintiff unless his agent agreed that the

sum tendered was all that was due, but instead it correctly charged the jury that if plaintiff's agent accepted the amount tendered in full satisfaction then the entire controversy was concluded thereby.

3. **INSTRUCTIONS: Conformity to Evidence.** An instruction, in an action for the contract price of wheat, which treated a compromise by plaintiff's son as a compromise by plaintiff himself, when in fact the son had no implied authority to compromise the claim, is faulty, as not being in conformity to the evidence.

4. **APPELLATE PRACTICE: Harmless Error: Instructions.** A party is in no position to complain of instructions that are more favorable to him than the law warrants.

5. **PRINCIPAL AND AGENT: Powers of Agent: Compromise.** An agent authorized merely to collect or receive a payment has no power to accept a tender of a less amount than that claimed to be due, in full payment, or to release the debt in whole or in part, nor has he the implied authority to compromise the claim without payment.

6. ———: ———: ———: **Instructions.** In an action for the contract price of wheat, defended on the theory that plaintiff, through his agent, had accepted a tender of a less amount than was claimed to be due, in full settlement of the claim, an instruction offered by defendant that if defendant offered plaintiff's agent a less sum than that claimed to be due, stating that it was in full compensation for the amount due, and such sum was accepted, defendant was not liable, was properly refused, for the reason it omitted to require the jury to find that the agent was authorized to accept the tender of the less amount or that his act in so doing was thereafter ratified by his principal.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Boone & Lee* for appellant.

(1) Where claim is disputed and debtor tenders a part to the creditor in full satisfaction, if the creditor accepts the tender, he is bound by the terms; he cannot accept the tender and prescribe the terms. Deutman v. Kilpatrick, 46 Mo. App. 625; Mack v.

Schneider, 51 Mo. App. 92; Lightfoot v. Heard & Co., 113 Mo. App. 612; Coal Co. v. St. Louis, 145 Mo. 651. (2) A tender to the agent is a tender to the principal. Whelan v. Reily, 61 Mo. 565.

*H. C. O'Bryan,* for respondent, filed argument.

NORTONI, J.—This is a suit for the balance due on the purchase of a quantity of wheat. Plaintiff recovered and defendant prosecutes the appeal.

To the end of brevity and for the purpose of sharply presenting the legal propositions for consideration, we state the facts according to their legal effect instead of *seriatim.*

It appears plaintiff, Samuel Ogilvie, a farmer, sold to defendant, in January, his crop of wheat, to be delivered in July of that year, at ninety cents per bushel and defendant paid earnest money on the purchase. The sale was effected through W. A. Ogilvie, plaintiff's son, and the evidence for plaintiff tends to prove that in the month of June thereafter he personally made a new contract with defendant by which he agreed to deliver the wheat in June instead of July and defendant agreed to pay him one dollar per bushel therefor. Defendant purchased the wheat for the purpose of selling it on the market, and as the price ranged at a high figure in June, he was anxious to have it delivered during that month instead of July. In accordance with this second contract, defendant delivered the wheat (in all 1900 bushels) to plaintiff and plaintiff made partial payments thereon as the deliveries were made. The wheat was delivered by plaintiff's son, W. A. Ogilvie, to whom the various payments were made, and upon making the final delivery he demanded payment of the balance due. Defendant declined to pay more than ninety cents a bushel for the wheat and insisted upon the contract of purchase made in January to that effect and plaintiff's son and agent,

W. A. Ogilvie, insisted payment should be made at one dollar per bushel according to the more recent contract for the delivery in June. A controversy arose between defendant and plaintiff's agent about this matter and the amount due was in dispute between them, for, according to defendant's evidence, he did not agree to pay plaintiff a dollar per bushel for the wheat. During this controversy about plaintiff's claim for one dollar per bushel, which defendant disputed, defendant tendered to plaintiff's son $878 in full for the wheat at ninety cents per bushel and defendant says plaintiff's son accepted the amount on the condition tendered.

The only question for decision and which merits discussion in the opinion relates to the instruction given by the court as to the effect of this tender and acceptance and the refusal of an instruction on the same subject requested by defendant. So far as material, the court of its own motion instructed the jury, substantially, that if it found defendant, on June 28, 1900, offered W. A. Ogilvie the sum of $878, stating that it was in full compensation for the wheat in question at the contract price and that Ogilvie accepted the same in full satisfaction, then the verdict should be for defendant, any contract to the contrary notwithstanding. It is argued by defendant that the court erred in so instructing the jury, for, it is said, the employment of the words "in full satisfaction" in the instruction in effect told the jury to find for plaintiff unless his agent, W. A. Ogilvie, agreed that the sum offered was all that was due. We believe the criticism to be unsound, for the instruction, as we read it, directs the jury instead that if W. A. Ogilvie accepted the amount tendered in full satisfaction then the entire controversy was concluded thereby. No one can doubt that when the amount of a claim is disputed and one tenders the lesser amount in payment of the whole and it is accepted on the condition thus attached, such

acceptance operates in law a full satisfaction of the whole claim. [See Maack v. Schneider, 51 Mo. App. 92; Pollman, etc., Co. v. St. Louis, 145 Mo. 651, 47 S. W. 563.] The instruction given by the court of its own motion so declared the law and it was not erroneous, as argued by defendant; for it in no sense told the jury that there was no satisfaction of the claim unless plaintiff's agent accepted the amount in full satisfaction, but, instead, it directed the jury that if it found the fact to be that plaintiff's son did accept the amount in full satisfaction, then the whole matter was concluded thereby, notwithstanding the prior contract for one dollar per bushel, if such was made. It is true one may be concluded by merely accepting the amount tendered in full payment of a disputed amount, if such condition is attached to the tender, whether he intends it shall operate full satisfaction or not, for he may not accept the tender and reject the condition. [Deutmann v. Kilpatrick, 46 Mo. App. 624.] But the instruction given by the court in no respect infringes this phase of the principle which was available to defendant on request in the form of a proper instruction. However, we believe the instruction given by the court to be inaccurate in another respect, for it treats with the tender to, and acceptance by, plaintiff's son as if he were plaintiff himself, when in fact he was but an agent for his father, and though, as such, he was authorized to collect the purchase price of the wheat this implies no authority in him to compromise or release the whole debt for a lesser sum. [See Mechem on Agency, 376; Herring v. Hottendorf, 74 N. C. 588; Nolan v. Jackson, 16 Ill. 272.] But of this defendant is in no position to complain for in this respect the instruction was more favorable to him than the law warrants.

As before stated, there can be no doubt that where a claim is disputed and a tender is made in full pay-

158 App.—32

ment, the party must accept the tender as made or reject it entirely, for he cannot accept it and prescribe the terms of acceptance. [Deutmann v. Kilpatrick, 46 Mo. App. 624; Maack v. Schneider, 51 Mo. App. 92; Lightfoot v. Hurd, 113 Mo. App. 612, 88 S. W. 128; Pollman, etc., Co. v. St. Louis, 145 Mo. 651, 47 S. W. 563.] Defendant incorporated this proposition of law in an instruction which the court refused, and he argues such refusal was error. The instruction so refused goes to the effect that if the jury believed from the evidence defendant, on the 28th day of June, 1909, offered W. A. Ogilvie the sum of $878, stating that it was in full compensation for the amount due for the wheat in controversy at the contract price and the said Ogilvie accepted the same, then the verdict should be for the defendant. This instruction would have constituted a proper declaration of law in the case were it not for the fact of the agency of W. A. Ogilvie; that is had the transaction been between plaintiff and defendant personally. As said of the instruction given by the court of its own motion, touching this subject, it omits to reckon with the fact that the evidence showed W. A. Ogilvie was only an agent for the collection of the money. The instruction seems to proceed as though he was possessed of all of the powers pertaining to a compromise of the debt which inhered in his father, plaintiff, Samuel Ogilvie, his principal, and the proof is not conclusive on this question by any means. Though W. A. Ogilvie, the agent, made all of the collections that were made for the sale of the wheat, the evidence of both himself and plaintiff, his principal, is that he possessed no authority to compromise the debt or accept a less amount than that which was due his father. An agent authorized merely to collect or receive payment has no implied power to accept a tender of a lesser amount than that due in full payment or release the debt in whole or in part nor has he the implied authority to compromise the

claim without payment. [Mechem on Agency, sec. 376; Melvin v. Lamar Ins. Co., 80 Ill. 446; Herring v. Hottendorf, 74 N. C. 588.] But though W. A. Ogilvie, the agent, was without implied authority to accept the tender of a lesser amount for the entire debt, if it conclusively appeared plaintiff had ratified the act of his son in accepting the payment tendered at ninety cents per bushel in full for the wheat, the instruction as requested would be proper enough. [Mechem on Agency, sec. 149; Strasser v. Conklin, 54 Wis. 102.] But no notice to plaintiff that defendant tendered the amount in full settlement of the claim nor ratification of the agent's act in accepting it conclusively appears in the case. The instruction requested by defendant, though declaring a correct rule of law if the transaction were had between plaintiff and defendant alone, was properly refused in view of the fact that it omitted to require the jury to find that the agent was authorized to accept the tender of the lesser amount or that his act in so doing was thereafter ratified by his principal, plaintiff.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.