Wayne C. **BRENT**, Plaintiff,

v.

B. E. **WESTERMAN**, Defendant.

No. 7885.

United States District Court
W. D. Missouri, W. D.

Sept. 18, 1954.

Joseph A. Harrington, Kansas City, Mo., for plaintiff.

David R. Hardy (of Sebree, Shook, Hardy & Ottman), Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

This is an action in negligence for damages for alleged bodily injuries and property damages.

The matter is now before me upon defendant's motion for summary judgment. The question involved is whether a $100 check of defendant given to and accepted by plaintiff at defendant's office on the morning after an intersectional collision between automobiles owned and driven by the parties constituted an accord and satisfaction and, hence, a discharge of plaintiff's claims against defendant for damages arising out of that collision.

Defendant attaches to his motion for summary judgment (a) his own affidavit, (b) an affidavit of an officer of the bank upon which his $100 check to the plaintiff was drawn, and (c) a copy of the relevant portions of plaintiff's deposition taken in this cause, which instruments, defendant claims, show that there is no genuine issue as to any material fact in respect of the claimed accord and satisfaction, and that all claims of the plaintiff against the defendant arising from said collision are thereby shown to have been satisfied and discharged.

Defendant's affidavit says that at the meeting of the parties at defendant's office the morning after the collision, the collision and the damages resulting therefrom were discussed. He then says "In consideration of and for the purpose of settling any dispute concerning said collision and the damages arising out of said collision" he delivered his check to the plaintiff for $100, drawn on the First National Bank, and that plaintiff "accepted said check in settlement of all damages connected with and arising out of said collision"; that the next day he received a notice of attorney's lien from plaintiff's attorney, dated on the date of the conference of the parties; that the check has never been presented for payment, but was a good and valid check drawn against adequate funds and would have been paid if presented, and this fact is affirmed by the affidavit of the officer of the bank.

The relevant excerpts from plaintiff's deposition, reduced to essence, show that at the conference of the parties, referred to, defendant asked plaintiff the extent of the damage to his car, and plaintiff replied that, while he had received no estimate, he did not believe the damage to his car would be more than $50 or $75; that he told defendant he was going to have some X-rays taken "to see what the trouble was with his (my) back", and that he estimated the cost of the X-rays and a physical examination at "between $15 and $25"; that thereupon defendant wrote out, signed and handed him the $100 check and he accepted it. When asked by defendant's counsel what the check was for he said: "To cover my damage"; and then the following questions were asked and answers given: "Q. Mr. Westerman offered and you accepted his check for a hundred dollars, is that right? A.

Yes. Q. And that was to cover your damages, was it not? A. Yes." Plaintiff was then asked if it was not his understanding that the check was accepted in settlement of all claims and he replied "The check was given to me to get my car back in running shape, yes." He later said that the check was to cover the damages to his car and a physical examination and X-rays by a physician; that neither he nor defendant said that the check "settled everything" between the parties; that "the thought never entered his (my) mind that there was anything wrong with him (me)"; that he "had absolutely no idea at all that there was any lasting damage" (to his person); that he "wasn't planning on taking more (money) from him (defendant) because I didn't have any idea that there was anything wrong of that sort." This, in brief, is the substance of plaintiff's deposition relevant to the issue of accord and satisfaction.

 I think we may put aside at once any question concerning the adequacy of the amount of the check and the fact that plaintiff says he had no knowledge of any substantial injury to his person at the time he took the check, because competent parties may settle their controversies for such consideration as they agree upon, and, where there has been no fraud or unfairness—and none is claimed or appears here—courts will not be concerned with the adequacy of the consideration agreed upon and paid and received by such competent parties, Vondera v. Chapman, 352 Mo. 1034, 180 S.W. 2d 704.

 Neither should we be concerned with the fact that the claimed compromise settlement was not reduced to writing and signed, for that is not necessary to accomplish an accord and satisfaction, Marshall & Michel v. Larkin's Sons, 82 Mo.App. 635.

 With these matters out of the way we now get down to the determining points of defendant's motion. It is the settled law in Missouri that if there be a controversy between a claimant or creditor and a tortfeasor or debtor and, after discussion of the substance of the claim, the tortfeasor or debtor tenders to the claimant or creditor some amount, *upon the condition* that its acceptance will be in full settlement of all claims, and the claimant or creditor accepts the tender, an accord and satisfaction results as a matter of law (even though the creditor may protest the adequacy of the amount, or even state other conditions of his acceptance), for the simple and good reason that one who accepts a conditional tender assents to the conditions of the tender, Gulfport Wholesale Lumber Co. v. Boeckeler Lumber Co., Mo.App., 287 S.W. 799, 800, as he must accept the tender as made or not at all. H. C. Pollman & Bros. Coal & Sprinkling Co. v. City of St. Louis, 145 Mo. 651, 47 S.W. 563; Atterbury v. Binford, 154 Mo.App. 538, 136 S.W. 717; St. Joseph School Board v. Hull, 72 Mo.App. 403, and Lightfoot & Son v. Edward Hurd & Co., 113 Mo.App. 612, 88 S.W. 128. It is also the settled law in Missouri that if the claimant or creditor agrees with the tortfeasor or debtor to accept a check *as payment* and not just as the "means" through which payment may be obtained, the claim or debt is extinguished by the mere acceptance of the check—that is to say a "satisfaction" occurs, Griffin v. Priest, Mo.App., 137 S.W.2d 685, but if there is no agreement that the check itself shall constitute payment a "satisfaction" does not occur until payment of the check has actually been received, Griffin v. Priest, supra, Rhodus v. Geatley, 347 Mo. 397, 147 S.W.2d 631, 638, Chapman v. Adams, 204 Mo.App. 659, 219 S.W. 132, Western Military Academy v. Viviano, 235 Mo.App. 301, 133 S.W.2d 1098, 1102, 70 C.J.S., Payment, § 24, page 233, et seq., and, in such a case, the law does not consider that an agreement of accord and satisfaction has been made and completed, or at least no "satisfaction" has occurred, until payment of the check has been received, cases supra, and, therefore, it is open to the claimant or creditor to repudiate the proposed, but not

consummated, agreement of accord and satisfaction within a reasonable time, cases supra.

■■ I do not find any recitals of fact either in defendant's affidavit or in the plaintiff's deposition which tend to show—at least not sufficiently definite to enable a court to proceed to summary judgment, as distinguished from what a jury might find from the evidence—that the tender of the $100 check was expressly conditioned for acceptance in settlement of all claims. But I do find from plaintiff's deposition that he admits he agreed to settle his claim for the damages to his automobile and for X-rays and a physical examination of his person for $100, and, therefore, if he received "satisfaction" of that part of his damage by his receipt of the $100 check, then he split his cause of action and that conduct would have the same effect as a satisfaction of all claims, for if he settled an element of his damage he must be held to have settled all elements of damage arising from the same tort as he cannot present his case or prosecute it in fragments, General Exchange Insurance Corp. v. Young, 357 Mo. 1099, 212 S.W. 396. But I do not find in the evidence before me any express agreement of the parties that the $100 check was to be, and was, accepted as payment in and of itself, as distinguished from the mere "means" through which payment might be obtained, and, therefore, an "accord" occurred with respect to plaintiff's claim for damages to his automobile, and for the X-rays and physical examination of his person, but inasmuch as the proposed accord and satisfaction was repudiated by plaintiff through the letter of the date of the conference which was received by the defendant the next day, and inasmuch as the check was not cashed (but its return was tendered to, and refused by, defendant), no agreement of accord and satisfaction was actually consummated, and no "satisfaction" ever occurred.

I, therefore, am of the opinion that the evidence before me is not sufficient to enable me to say, as a matter of law, on motion for summary judgment, that an accord and satisfaction occurred, and, therefore, defendant's motion for summary judgment should be, and it is hereby, denied.