————o————

GEORGE W. ADAMS AND JAMES M. SCOTT, Defendants in Error, *vs.* MARY A. HELM, Exec'x &c., Plaintiff in Error.

1. *Equity—Mixed question of law and fact—Opinion of jury—Statute, construction of—Reversal.*—In equitable proceedings, the court cannot, under the statute (Wagn. Stat., 1041, § 13), submit to a jury for its opinion a mixed question of law and fact, but the error is not such as will justify the reversal of the judgment, the whole case having been heard and pronounced upon by the court itself.

2. *Tender, how must be accepted.*—A party must accept a tender as made, or he must reject it; he cannot accept it and prescribe the terms of his acceptance.

3. *Tender—Time of—Objection as to, when waived.*—A party is presumed to waive the objection that a tender is not in time, if he does not raise that objection when the tender is made.

*Error to Linn County Court of Common Pleas.*

*G. D. Burgess and Harry Lander,* for Plaintiff in Error.

I. Our statute (Wagn. Stat., 1041, § 13) does not allow the court to submit the whole issue to the jury.

*Samuel P. Huston & George W. Easley,* for Defendants in Error.

ADAMS, Judge delivered the opinion of the court.

This was an action in the nature of a bill in equity to compel the defendants to surrender and cancel certain notes secured by a deed of trust on a number of town lots, and to acknowledge satisfaction of the deed of trust.

The plaintiffs alleged in their petition, that the whole amount of all the notes secured by the deed of trust had been fully paid.

The defendant denied the allegation of payment, and alleged that a large amount was still unpaid. The defendant, Helm, further alleged in her answer, that the plaintiffs had delivered her certain notes, secured by a deed of trust, as collateral security, and that she still held them as collaterals, and offered to deliver them up. The plaintiff replied to this part of the answer, and denied that said notes were delivered as collaterals, and charged that they were tendered and delivered as full payment of the balance due under the deed of trust held by defendant.

The court, against the objection of defendant, submitted the issue of payment to a jury, and the jury found it in favor of plaintiffs.

The deed of trust referred to contains this provision: "Said Helm agrees to take notes secured by a deed of trust on lots

sold, in sums of one hundred dollars and less, running one and two years, if bearing the same rate of interest, to be received as cash."

The plaintiffs, after all the notes secured by the deed of trust in suit became due, tendered in discharge of the balance—which had not been paid—notes secured by a deed of trust to the amount of some forty-three hundred dollars. When this tender was made, the defendant took the notes and deed of trust, remarking at the time, that she would not receive them in satisfaction, but only as collaterals.

The plaintiff replied, that they tendered them in full satisfaction, and if she kept them she must take them as tendered. The defendant did not return the notes or offer to return them when tendered, but held on to them, protesting that she held them as collaterals; and the plaintiffs insisting that they delivered them as a tender under the deed of trust in full satisfaction of what was due. This was substantially the evidence in regard to the alleged payment, and that was the material matter in dispute.

The defendant asked the court to disregard the verdict of the jury, which the court refused to do. The defendant then offered to amend her answer before the court proceeded further with the case, but the court refused to permit the amendment. The amendment offered was substantially, that Adams had suffered judgments to be rendered against him before the execution of the mortgage securing the notes tendered as collaterals on the deed of trust held by defendant, of which defendant was ignorant, and that he assured defendant, that the property was unincumbered, and also that the plaintiffs had conveyed away their interest in the property held under defendant's deed of trust.

The court then proceeded with the trial of the case, and there being no further evidence offered or given, the court upon the whole case found for the plaintiffs, and rendered a decree as prayed for by them. Motions for a new trial and in arrest having been overruled, the defendant excepted and brings the case here for review by writ of error.

The issue of payment, which was submitted to the jury in this case, was not a simple or specific question of fact, but involved questions of law and fact, and was, therefore, not such an issue as the court, under section 13, 2 Wagn. Stat., 1041, is authorized to submit to a jury for their opinion. Under that section the court must try the issue, but may take the opinion of a jury upon any specific question involved therein by an issue made up for that purpose. But although there was an error in thus submitting this issue, it is not such error as will justify a reversal of this judgment. The whole case was heard and pronounced upon by the court itself, and the whole case is now before us for our consideration on all the facts as detailed in evidence in the trial court.

The only material question is, whether the tender and acceptance of the notes and deed of trust securing the same, as made by the plaintiffs, amounted to a payment or discharge of the balance of their indebtedness to the defendant, Helm.

The tender was made on that express condition, and under a protest to that effect. It was Helm's duty either to refuse it or accept it on the terms as made. She had no right to accept the tender and prescribe the terms of her acceptance. She should have refused the tender or returned the notes and deed of trust at the time, or she must be held to the terms of the tender as prescribed by the debtor. The point that the tender was not made in time has no force in it. A creditor may waive the time, and when he does not raise that objection, he must be presumed to have waived it.

The amendment to the answer did not offer a material defense. It alleged, that the notes were received as collaterals.

If that be admitted, it is immaterial to the trial of this case whether they were secured or not; for if they were merely taken as collaterals, that of itself would have been a complete answer to the plea of payment, and whether they were so taken or not, was the only mooted question on the trial. Nor was it material, whether the plaintiffs had conveyed away their interest in the equity of redemption in the lots held under this deed of trust; for whether they had conveyed

away their interest or not, they would still be personally liable for the debt if unpaid, and if they gave covenants for title, they would be liable on such covenants. They were therefore deeply interested in having the deed of trust acknowledged satisfied, and in having the outstanding notes cancelled.

On the whole case, the judgment seems to be for the right party.

Judgment affirmed; all the judges concur.