WILLIAM REISENLEITER, Respondent, v. EVANGELISCHE LUTHERISCHE GNADEN KIRCHE *et al.*, Appellants.

### St. Louis Court of Appeals, February 14, 1888.

1. PRACTICE—JUDGMENT WITHOUT EVIDENCE—INCONGRUOUS PROCEEDINGS.—A judgment declaring a mechanic's lien, when no evidence was offered at the trial even tending to justify any lien, and which is also rendered against defendants whom the court declares by an instruction to be not liable in the action, must be reversed.

2. CONTRACT—DISPUTED INTERPRETATION—SETTLEMENT.—In a dispute between contracting parties about the meaning of their contract, if it appear that one party was induced by an agent of the other to act upon the interpretation to which he still adheres, and afterwards a settlement and payment are made upon the basis of the same interpretation, a reopening of such settlement would be inequitable, and the same must remain as conclusive.

APPEAL from the St. Louis County Circuit Court, HON. WILLIAM W. EDWARDS, Judge.

*Reversed.*

W. B. THOMPSON, for the appellants : This is a special judgment against the property of one of the defendants to enforce a mechanic's lien, when the record shows that no mechanic's lien was offered in evidence and there was no evidence tending to establish any lien, or any steps taken to enforce a mechanic's lien against the property. The judgment is

against the defendants, Peters and Wahrmann, who were simply trustees of the church, and were in no manner, under the pleadings and evidence, liable for the indebtedness, and the court so declared in its instruction. The receipt read in evidence was given after a dispute between the parties as to the amount due, and the amount stated in the receipt was accepted after this dispute, and such receipt, therefore, becomes an absolute contract that is not open to any further explanation. *Carpenter v. Jamison,* 6 Mo. App. 216; s. c., affirmed, 75 Mo. 265; *Perry's Adm'r v. Roberts,* 17 Mo. 36. The receipt read in evidence was executed after a dispute, and the amount of plaintiff's claim was discussed at the time, and unless it clearly appears that the parties agreed to leave the matter open, the receipt is conclusive between them. *Perry's Adm'r v. Roberts,* 17 Mo. 36; *Livingston v. Dugan,* 20 Mo. 102; *Stevens v. Spears,* 25 Mo. 386.

Zach. J. Mitchell, for the respondent.

Rombauer, J., delivered the opinion of the court.

This record presents an extraordinary state of facts. The suit purports to be one upon a mechanic's lien, and was instituted before a justice of the peace against a church corporation, the owner of the property, and two of its trustees. Before the justice there was a judgment in favor of all the defendants. Upon the trial in the circuit court, by the court without a jury, there was judgment in favor of the plaintiff and against all the defendants, and also a judgment subjecting the property to a mechanic's lien. No evidence was introduced even tending to show any liability on part of the defendant trustees, yet the court, at their instance, first declared the law to be, that the plaintiff could not recover against them, and then rendered judgment against them. No lien account was offered in evidence, nor was there any testimony even tending to show that the plaintiff had ever perfected, or attempted to perfect,

a mechanic's lien against the property, and yet the court, by its judgment, declared the claim to be a lien upon the property of the church corporation.

It thus appears that, either the record presented to us is very imperfect, of which, however, there is no evi-- dence, or else the judgment against the two trustees, and the judgment of lien against the corporation, is based upon a misconception of the law and evidence, and the result of a mistake. Under this state of facts the judgment necessarily must be reversed.

The only remaining inquiry is, whether there is evidence in the record warranting a general judgment against the corporation. If so, and if the record on that branch of the case is free from error, we can reverse the judgment and render a general judgment against the corporation here, or else remand the cause with directions to enter such judgment in the court below. Rev. Stat., sec. 3776; *Andrews v. Railroad*, 16 Mo. App. 299.

On that branch of the case the evidence was as follows :

The plaintiff made a bid to lay brick in the church building of the defendant corporation at $2.90 per thousand measurement. He testified that the only measurement known among builders is measurement in the wall. He did lay 38,900 brick by kiln count. When the parties came to settle, a dispute arose among them, the trustees claiming that the plaintiff was to be paid by kiln count, and the plaintiff claiming that he was to be paid by measurement in the wall.

The plaintiff himself states : " We had a dispute over the measurement of the brick. Peters and Wahrmann (the trustees) contended that my contract was for brick measured according to kiln count, and I contended that it was according to measurement." It also appeared in plaintiff's evidence that he knew another person had bid to do the work at three dollars, kiln count, and that his bid of $2.90 was made in view of this previous bid. A computation shows that $2.90

per thousand measured in the wall is equivalent to $4.20, kiln count.

These being the facts, and the respective contentions of the parties, the plaintiff and the trustees met, each of the parties contending that they were right, and the trustees paid to the plaintiff $112.80, and took from him the following receipt:

"St. Louis, Mo., Sept. 19, 1885.

"Received pay for brick-work done by kiln count for Mr. Peters, 38,900 at amount one hundred and twelve dollars and eighty cents.

"$112.80.                              WM. REISENLEITER."

The present suit is for a balance of $51.09, which is the difference between the brick laid at $2.90, according to their measurement in the wall, and 38,900 brick actually laid as per kiln count.

While the plaintiff stated generally that he made his bid on a measurement basis, he did not claim that he ever delivered the bid to the trustees. It did appear, however, by the uncontradicted evidence of one Rittenbusch, who was called for the defendants, that he took plaintiff's bid to the trustees and told them that it was ten cents a thousand lower than the three-dollar bid above referred to.

The testimony admits of no doubt but that the trustees were justified, by the representations of Rittenbusch, to believe, and did honestly believe, that plaintiff's bid, like the preceding bid, had reference to kiln count. Their testimony on that subject is borne out by the presumption that they would not be likely to award a contract at $4.20 per thousand, when they could have it equally well performed at three dollars. Rittenbusch acted in the matter as plaintiff's agent and not as theirs. There is nothing to rebut the presumption arising from the face of the receipt, that when they paid to defendant the $112.80, they paid to him all which they honestly believed was due. The case is thus, at least, analogous to *Adams v. Helm*, 55 Mo. 468, and

*Kronenberger v. Binz*, 56 Mo. 121, wherein similar settlements were held conclusive.

It is apparent that, to allow plaintiff to avoid this settlement and sue for the balance he claims, is to sanction a proceeding, the good faith of which is, to say the least, doubtful, and which finds no support in any equitable considerations, as it is not pretended that the work performed by him was worth more than he was actually paid for it.

The only proper disposition to be made of the case, under these circumstances, is to reverse the judgment without remanding the cause.

Judgment reversed.    All concur.