WARD GOODLOE, Appellant, v. EMPSON PACKING COMPANY, Respondent.

St. Louis Court of Appeals.    Submitted on Briefs November 3, 1909. Opinion Filed November 16, 1909.

1. **JUSTICES' COURTS: Sufficiency of Statement.** A statement filed in a justice's court, which is on the billhead of plaintiff, made out against defendant, with dates and items set out, is sufficient.

2. **ACCORD AND SATISFACTION: Acceptance of Payment in Full Satisfaction.** Where a voucher and letter showed that a check sent to a broker in payment of his commissions was in full payment of the account sued on, the retention of the check, unaccompanied by an explanation, operated as a payment in full of the account.

3. **PLEADING: Appeal from Justice's Court: No Pleadings Required on Part of Defendant.** Where a case comes to the circuit court from that of a justice of the peace, no pleadings on the part of the defendant are required.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

REVERSED.

*Abbott, Edwards & Wilson* for appellant.

(1) The statement filed before the justice is an insufficient statement of a cause of action in a justice

of the peace court. Nutter v. Houston, 32 Mo. App. 451; Butts v. Phelps, 79 Mo. App. 302. (2) The acceptance of the check by respondent was an accord and satisfaction. 1 Am. and Eng. Ency. Law and P. (new series), p. 629; Lightfoot v. Hurd, 113 Mo. App. 612. (3) The evidence does not support a judgment against the appellant.

*William S. Campbell* for respondent.

(1) No formal pleadings upon the part of either the plaintiff or defendant shall be required in justice courts. Under this provision a statement of cause of action or account filed before a justice of the peace is sufficient if it informs the defendant what the suit is for, and on what account it is brought, and gives enough of the particulars to enable the defendant to prepare a defense. Darnell v. Lafferty, 113 Mo. App. 282; Johnson v. Kahn, 97 Mo. App. 628; Johnston v. O'Shea, 118 Mo. App. 287; Force v. Squier, 133 Mo. 306. (2) Since accord and satisfaction was not pleaded by the defendant, and no declaration of law upon this point was asked by the appellant, nor ruling of the court upon this point asked, the judgment of the trial court is not reviewable on appeal. See authorities cited under point 3. (3) A jury being waived, and no declarations of law having been asked or given, the finding by the trial court of a certain state of facts concerning which the evidence is conflicting, is conclusive upon the appeal court, and the finding of the trial court will not be reviewed on appeal. Farm and Dairy Co. v. McCrady, 120 Mo. App. 670; Warner v. Close, 120 Mo. App. 211; Trust Co. v. McMillan, 188 Mo. 547; Keen v. Keen, 184 Mo. 358.

STATEMENT.—Action before a justice of the peace on an account for commissions. On appeal to the circuit court the case was tried there before the court, a jury being waived. Objection was made to the suffi-

ciency of the statement filed before the justice, and the objection being overruled, the trial proceeded. Evidence as to the correctness of the claim made and as to whether it was according to contract between the parties, was introduced, as also this letter:

"Longmont, Colo., Oct. 23, 1906.

"Mr. Ward Goodloe, 509 Houser Bldg., St. Louis, Mo.

"Dear Sir: Enclosed find check for $41.73 in payment of brokerage on Ouerbacher-Gilmore Co.'s contract and also on Inger and McKinzie of Joplin, Mo. You will note that we had to cut down both of these parties. Kindly sign enclosed voucher and return.

"Yours very truly,

"(Signed)    THE EMPSON PACKING COMPANY,

"By J. H. Empson, Pres."

The letter was accompanied by a voucher to which was attached a receipt, all as follows:

"The Empson Packing Company, Longmont, Colorado.

"To Ward Goodloe, Dr.

"190    For items as per bill attached

| 2 1-2 per cent brokerage sale to Ouerbacher-Gilmore .. .. .. .. .. ..... | $1449.00 | 36.23 |
| 10 per cent brokerage sale to Inger & McKinzie .. .. .. ............ | 55.00 | 5.50 |

$41.73

"Longmont, Colo., Oct. 23, 1906.

"Received from the Empson Packing Company, forty-one and 73-100 ..................... dollars, in full payment for above account.

"GOODLOE BROS.

"Approved for payment, J. H. Empson, President."

Along with these was a check for $41.73 to order of plaintiff. Respondent, plaintiff here, scratched out the word "full," in the receipt, and wrote over it in ink the word "part," and signed and returned the receipt to defendant, retaining the check. Some corre-

spondence between the parties over their dealings was in evidence, but no reference is made in the correspondence or testimony to the receipt. There were no written pleadings, other than the statement which had been filed before the justice which was a bill on billhead of plaintiff dated September 2, 1907, made out against defendant with dates, and items following:

"Sept. 30th, 1906.

| | | |
|---|---:|---:|
| Commissions on Reinhart order, $4770.00, | | 119.25 |
| Commissions on Ouerbacher-Gilmore Co., Louisville, Ky. .. | $166.92 | |
| Credit ............. | 41.73 | |
| Due .............. . | 125.19 | 125.19 |
| | | 244.44." |

No declarations of law were asked or given. At the conclusion of the trial the court disallowed the Reinhart item and found for plaintiff on the Ouerbacher-Gilmore item, awarding plaintiff $113.46 on that, including interest. Defendant filed motions for new trial and in arrest; these being overruled, and saving exception, it has brought the case here on appeal.

REYNOLDS, P. J. (after stating the facts).—The court committed no error in refusing to hold the statement filed insufficient. . Neither by any rulings at the trial nor by declarations of law are we informed on what theory the trial judge acted in holding that there had not been accord and satisfaction between the parties. The voucher and letter accompanying the check sent, shows that the check was sent in full payment of the account, which account covered the transactions here in suit. The retention of the check, unaccompanied by any explanation, in the face of the offer that it was in full payment, is conclusive on plaintiff. We have recently held in the case of Pub. Geo. Knapp & Co. v.

145 App—37

Pepsin Syrup Co., 137 Mo. App. 472, 119 S. W. 38, that such was the law. See also Lightfoot v. Hurd, 113 Mo. App. 612. See further Barrett v. Kern, 141 Mo. App. 5, 121 S. W. 774, where the law of accord and satisfaction is discussed. There were no conflicting facts in evidence on this matter of accord and satisfaction. All there is about it is in the letter, receipt and check. Respondent claims that no such defense was pleaded. This was a case coming to the circuit court from that of the justice and required no pleadings upon the part of the defendant. While it is true that all presumptions are to be indulged in in favor of the action of the trial court, we cannot indulge in presumptions in the face of the record.

The judgment of the circuit court must be and is reversed. All concur.