JOHN B. MOORE, *Appellee*, v. W. R. HOPKINS *et al.*,
*Appellants*.

No. 16,887.

### SYLLABUS BY THE COURT.

DEEDS—*Defeasance—Acceptance—Entire Contract—Parol Evidence*. Where a warranty deed is executed and delivered to secure payment for services to be thereafter rendered by the grantees to the grantor, and where, after the completion of such services, there is a disagreement as to the sum to be paid therefor, and the grantees, on the demand of the grantor, execute an instrument of defeasance reciting that the deed was given to secure the payment of a specified sum (being the amount claimed by them), and tender it to the grantor, who, without duress, and with full knowledge of the contents thereof and of all the facts, accepts and records the instrument: *Held:* (1) Such acceptance is an acceptance of the instrument as a whole, with all the recitals therein; (2) that the deed and instrument of defeasance constitute one complete written contract, which supersedes the previous oral contract; (3) such written contract can not be varied by parol evidence.

Appeal from Kearny district court. Opinion filed April 8, 1911. Reversed.

*Albert Hoskinson, R. W. Hoskinson,* and *R. J. Hopkins,* for the appellants.

*A. M. Harvey,* and *J. E. Addington,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the appellee to set aside a deed executed and delivered by him to the appellants, W. R. Hopkins and W. C. Pearce. At the time of the execution of the instrument the appellee had been arrested, and, for want of bond, had been committed to jail to await a preliminary examination on the charge of arson. In his petition he alleged that he employed the appellants as his attorneys to defend him in the action and secure his release in any of the courts in which it was necessary to prosecute and defend the

case; that he executed and delivered to them a deed to two quarter sections of land to secure the payment of the reasonable charges of such attorneys for their services, not exceeding $500; that on a preliminary examination before a justice of the peace at Garden City he was discharged; that the service rendered by the appellants would have been reasonably worth $25, if the same had been rendered in good faith; that he had at various times tendered the appellants $25 for such service, and demanded a reconveyance of the property, which the appellants refused; also, that the appellants, by reason of their unfaithfulness, gross negligence, misconduct and want of skill in the performance of their duties as attorneys, forfeited their right to any compensation, and that he should not be required to account to them for any sum whatever.

In their answer the appellants alleged, in substance, that the deed was given as a mortgage to secure the payment of $500 justly due from the appellee to them, which sum the appellee agreed to pay them for defending him in the action to the final determination of the charge; that the appellee had paid no part of that sum; and that the entire amount, with interest, was due. The appellants, also, as a part of their answer, filed a cross-petition asking the foreclosure of the instrument as a mortgage, and prayed for judgment in the sum of $500 and interest, and for the foreclosure of the mortgage and sale of the property to pay the indebtedness. Trial was had to a jury, before the Honorable Gordon L. Finley, judge *pro tem*. The jury returned a general verdict in favor of the appellee, and also returned answers to questions submitted to them by the court as follow:

"(1) Ques. Did the plaintiff, J. B. Moore, on or about the 20th day of April, 1905, employ the defendants to defend him in a case in which he was charged with arson? Ans. Yes.

"(1a) Q. And agree to pay defendants the sum of

$500 for conducting his defense? A. He did, in case they had to carry it to the supreme court.

"(2) Q. If you answer question No. 1 in the affirmative, then did Moore, on the 22d day of April, 1905, execute a deed to secure the payment of the $500? A. Yes.

"(3) Q. Did the plaintiff, on the 22d day of April, 1905, execute and deliver to the defendants a deed to the lands described in the petition? A. Yes.

"(4) Q. Did the defendants, on the 10th day of August, 1905, execute an agreement to the plaintiff whereby they agreed to reconvey the lands described in the plaintiff's petition to the plaintiff on payment of the sum of $500 and interest? A. Yes.

"(5) Q. If you answer No. 4 in the affirmative, then state if the plaintiff accepted the agreement mentioned in question No. 4. A. Yes, he accepted the agreement as an instrument to show that the deed in question was a mortgage and not a warranty deed.

"(6) Q. Was the agreement mentioned in question No. 4 recorded in Grant county, Kansas, after the same was delivered to the plaintiff by the defendants? A. Yes.

"(7) Q. Did the plaintiff employ, generally, the defendants to defend him in an action in which the plaintiff was charged with the crime of arson in Finney county, Kansas? A. Yes.

"(8) Q. If you answer question No. 7 in the affirmative, then state whether the plaintiff ever, at any time, paid the defendants any money as a retainer fee or for services rendered. A. No, but tendered a reasonable fee for service rendered.

"(9) Q. Did the plaintiff, after the delivery to him of the agreement mentioned in questions numbered 4, 5 and 6, endeavor to procure a loan of money from witness R. C. Stocks in the sum of $500, and state to said Stocks that he wanted to pay Hopkins and Pearce? A. Yes.

"(10) Q. Did the plaintiff, on or about April 20, 1905, agree to execute a deed to the defendants for the lands described in the petition, to secure the payment of the sum of $500? A. Yes."

On the trial the appellants offered in evidence, although it was not pleaded in the answer, a paper

marked "Exhibit A," and, without objection, it was admitted, viz.:

"State of Kansas, Finney county, ss.

"KNOW ALL MEN BY THESE PRESENTS: That, whereas, on the 22d day of April, 1905, J. B. Moore executed and delivered to W. R. Hopkins and W. C. Pearce his certain warranty deed on the following-described land, situated in Grant county, Kansas, to wit, the southwest quarter of section 32, township twenty-eight (28), range 37, the northwest quarter of section five (5), township 29, range 37.

"NOW, THEREFORE, it is hereby stated and agreed that said deed was executed as and for a mortgage to secure the payment to the said W. R. Hopkins and W. C. Pearce the sum of $500 within six months from the date of said deed, and we hereby agree to convey said land to the said Moore whenever the said sum is fully paid.

"IN WITNESS WHEREOF we have set our hands this 10th day of August, 1905.           W. R. HOPKINS.
                                          W. C. PEARCE.

"State of Kansas, Grant county, ss.

"Filed for record this 11th day of August, 1905, at 3 P. M.           N. C. HENSHAW, *Register of Deeds.*

"Page 3.   Miscellaneous I, page 468."

The appellants insist, first, that the court erred in admitting over their objection, any evidence under the petition. Objections to the introduction of evidence are not favored after the issues have all been formed in the case. Argument made on this objection criticizes the petition as if the question were pending upon a demurrer thereto. It is sufficient to say that the issues were formed by the petition and the answer and cross-petition, under which both the appellants and the appellee were seeking affirmative relief. The petition alleged facts sufficient to entitle the appellee to relief, the instrument of defeasance not being pleaded in the answer, and the ruling of the court on the objection was not erroneous.

Numerous objections are made by appellants of alleged trial errors, but in the opinion of a majority of

the court, in which the writer does not fully concur, one question is sufficient to determine the case, and the consideration of the others becomes unnecessary.

The deed set out in the petition purports to be an absolute conveyance to the appellants. The writing, dated August 10, 1905, executed by the appellants and delivered to the appellee, is an instrument of defeasance conditioned upon the payment of $500 by the appellee to the appellants at a time certain, and, unless the appellee was induced by fraud or coerced to accept it, the two writings together constituted a complete and entire contract—a mortgage to secure the payment of $500. That the appellee alone executed the deed and the appellants alone signed the defeasance is not controlling; formerly it was the usual method of making a mortgage. The acceptance of the executed deed is an acceptance of the conveyance. The free acceptance of the executed defeasance was an acceptance of the terms thereof.

The appellee contends that the oral agreement at the time he employed the appellants was that he should pay them only reasonable compensation for such services as they actually rendered, not exceeding $500, whether in the justice, the district or the supreme court; that the case was terminated in the justice's court, and, at most, he should only pay for their services therein; that by reason of their alleged unfaithfulness in rendering such services they were entitled to nothing. On the other hand, the appellants contend that the oral contract was that they were to defend the appellee in each of the courts in which the case might become pending, and were to receive $500 therefor. So far a question would be presented for determination by a jury. However, it is undisputed that after the services, whatever they were, were completed and the employment ended, the appellee demanded of the appellants a statement that the deed was only intended as a security, and not as an absolute conveyance. In response thereto the

appellants signed and delivered to him the foregoing defeasance. One of the appellants testified that the paper was read to the appellee and he was asked if it was satisfactory, to which he answered, "Yes." The appellee testified that he accepted it because "it was all I could get." The jury found that he accepted it "to show that the deed in question was a mortgage and not a warranty deed." At this time the appellee knew the extent and the manner of services rendered, and, as a proposition of law, it must be said that unless he did so under duress he accepted the defeasance subject to the expressed condition contained therein. He could not accept it in part and repudiate it in part. (*Adams et al. v. Helm*, 55 Mo. 468; *Deutmann v. Kilpatrick*, 46 Mo. App. 624.)

The only claim of duress made by the appellee is that he feared the appellants were about to sell his land, of which they appeared to have the full title of record. This does not constitute duress. He could have made his tender and brought an action to set aside the deed as well before as after he received the defeasance. Whatever the oral contract may have been, in accepting the instrument of defeasance he completed a written contract, which he can not vary by oral testimony. The construction and effect of the contract then devolved upon the court and was not in the province of the jury. It was a question of law and not of fact.

The judgment is reversed and the case is remanded, with instructions to render judgment for the defendants as prayed for.

MASON, J., not sitting.