MISS J. BARTLEY, Respondent, v. PICTORIAL
REVIEW COMPANY, Appellant.

**Kansas City Court of Appeals, May 3, 1915.**

1. **ACCOUNTS: Accord and Satisfaction.** Where a tender is made
upon the express condition that its acceptance will constitute a
full settlement of a claim about which there is an honest dis-
pute, an acceptance of such offer is an acceptance of the condi-
tion and constitutes an accord and satisfaction though the
offeree in accepting the money claimed more, or declared he
did not take it in full.

2. ————: **Tender.** Where a tender is made upon condition, the
person to whom it is made has no alternative but to refuse it
or to accept it subject to the condition.

3. ————: ————. Where the claim is liquidated and there is no
bona fide dispute over its amount, though accompanied by the
declaration that it is made in full satisfaction, will not, if ac-
cepted, be treated as an accord and satisfaction, since such a
tender has no consideration to support it; but where there is an
honest disagreement as to the sum due, or of the debtor's lia-
bility, the peaceful settlement of such a controversy furnishes a
sufficient consideration for an accord and satisfaction.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,*
Judge.

REVERSED.

*Pope & Lohman* for appellant.

(1) The court erred in allowing the writing offer-
ed as the contract sued on to be read to the jury without
proof of execution, the execution thereof having been
denied under oath. R. S. Mo. 1909, secs. 1982-3-4-5-6;
Julian v. Rogers, 87 Mo. 229; Kelly v. Thuey, 143 Mo.
422; Pope v. Risley, 23 Mo. 185; N. St. L. Savings Ass'n
v. Obert, 169 Mo. 507; Polack v. Hannauer, 26 Mo. App.
260. (2) The writing read to the jury, as the contract
sued on, is not the contract declared upon in petition, as

will appear by comparing the same, and the court committed error in allowing it to be introduced.   Whipple v. Peter Cooper B. & L. A., 55 Mo. App. 554; Blacks' Law Dic. (2 Ed.), p. 262, Unilateral & Bilateral C.; Clements v. Yeats, 69 Mo. 623; Cole v. Armour, 154 Mo. 350; Laclede Construction Co. v. Tudor Iron Wks., 169 Mo. 154; Marr v. Zeidler, 145 Mo. App. 199; Compton v. Railroad, 147 Mo. App. 414; Adams v. Railroad, 149 Mo. App. 278; Chamlee v. Planters Hotel Co., 155 Mo. App. 144; Bank of Rolla v. Romine, 154 Mo. App. 624; Madden v. Railroad, 167 Mo. App. 143; Gardner v. M. S. Co., 167 Mo. App. 605; Bowles v. Railroad, 167 Mo. App. 268; Porch v. Pollock, 174 Mo. App. 427; Whitelock v. Beach, 174 Mo. App. 428; Merryman v. Buddecke, 243 Mo. 205 216.

*Irwin & Peters* for respondent.

In declaring upon a written instrument or contract, it is not necessary that it be set out in precise and identical terms, but, if it is pleaded according to its legal meaning and effect, it will be sufficient.   Only that part which it is alleged has been breached needs to be pleaded.   9 Cyc., pp. 11, 12, 13, and 14; Warne v. Prentiss, 9 Mo. 544; Jones v. Laudermann, 39 Mo. 287; Moore v. Mountcastle, 72 Mo. 605.

JOHNSON, J.—Plaintiff began this suit in a justice court upon an open account of $51.28 for certain patterns, fashion books, coupons, coupon books and pattern case delivered to defendant.   She recovered judgment for $50.87 in the circuit court where the cause was tried on appeal and defendant appealed to this court.

On February 16, 1909, plaintiff, doing business in Jefferson City under the trade name of the New Idea Dry Goods Company, and defendant, a publisher of patters in New York, entered into a contract in writing which granted to plaintiff "the right to act as special

agent for the sale of their (defendant's) patterns in the City of Jefferson from the date hereof and thereafter until the expiration of three years from date of shipment of original stock of patterns and from term to term thereafter of the same period until this agreement is terminated as hereinafter provided." After prescribing the terms and conditions upon which the business of the agency should be conducted, the contract provided "that either party desiring to terminate this agreement, must give the other party three months notice in writing . . . the agency to continue regularly during said three months and on the expiration of said notice, the merchant (plaintiff) agrees to promptly return to the Publishers (defendant) all patterns purchased under this contract and then on hand which the Publishers agree to credit on receipt in good order at three-fourths the cost thereof, paying to the merchant within thirty days after receipt of same, in cash, any balance due. The failure to return the pattern stock within two weeks after the expiration of three months notice shall relieve the Publishers from all claims to redeem the same."

The agency created under this contract was the only agency of defendant in Jefferson City and was continued until about November 1, 1913, when defendant, without notice to plaintiff, entered into a contract with another merchant in Jefferson City for the establishment of a second agency in that city. Construing her contract with defendant as granting her an exclusive agency for the sale of defendant's patterns in Jefferson City and concluding that defendant had breached the contract in appointing another agent, plaintiff informed defendant of her determination to end the contract at once and was directed by defendant to return the stock of patterns she had on hand. In a letter dated November 3, 1913, plaintiff inquired of defendant "shall we remove patterns from envelop in returning

this stock or send complete, shall we crate case or will you place it elsewhere?" Defendant replied November 10th, "It will be necessary for you to return the patterns complete when sending them back. Please forward us a detailed invoice of the contents of the shipment and also the original bill of lading so as to enable us to obtain possession of the supplies."

On November 19, 1913, plaintiff shipped the entire stock to defendant as directed and sent an invoice by mail which showed the following goods returned:

| | |
|---|---:|
| 2016 patterns at 7-½c. | $151.20 |
| 492 patterns at 5c. | 24.60 |
| 12 Fashion Books @ 17-½c. | 2.10 |
| 1 Case | 5.00 |
| 36 coupon books @ 7-½c. | 2.70 |
| 5 coupon books @ 7-½c. | .38 |
| 1 package of Patterns | 1.27 |
| Total | $187.25 |

No discount on the patterns was allowed in this invoice but they were charged back at the full prices plaintiff had paid for them, though the contract, as we have shown, provided for the return of patterns "at three-fourths of the cost thereof," if the agency should be terminated by written notice.

At the time the stock was shipped plaintiff was indebted to defendant in the amount of $91.82, which, deducted from the invoice price of the stock left a remainder due her of $95.43. On December 22, 1913, defendant wrote plaintiff: "Your account shows an unpaid balance to December 1, of $24.60," and requested payment of that amount. Plaintiff returned this letter with a marginal notation: "This is absurd when you owe us for stock returned, etc., and we have written you to settle by December 31st." January 7, 1914, plaintiff wrote defendant: "After breaking your contract with us by placing patterns with Schultz

D. G. Co., you advised us to return patterns, case, etc., which we did the latter part of November and sent you freight receipt for same. We returned 2016 patterns at 15, 492 at 10, 12 quarterlies at 17½cents, 1 case for $5, and we sent in for credit 5 coupons at same time, and on 11-6 36 coupons. If you cannot figure that we have a credit and without further delay we will have our attorney assist you.''

Defendant replied January 10th: ''An immediate adjustment will be made and asking your indulgence until we can write you further in the matter, we are,'' etc. On January 26th, defendant wrote to plaintiff: ''Enclosed please find our check for $44.15 in final settlement of your pattern account as per statement attached. We trust you will have no difficulty in checking it.'' The check enclosed with the letter bore the following printed receipt on the back: ''The payee hereby acknowledges receipt in full settlement of account as stated on memorandum which was attached to this check duplicate of which is on payor's files.'' Attached to the check was a memorandum as follows:

''January 26, 1914.

''New Idea Dry Goods Co.,

''Forty-four 15-100.

''In full settlement of all claims to date . . . . $44.15

''Jefferson City, Mo.''

The statement of account enclosed with the letter and check showed a balance of $44.15 by giving plaintiff no credit for the item of $5 charged for the pattern case returned and by deducting twenty-five per cent from the invoice price of the patterns returned. Plaintiff deposited the check after altering the printed receipt by erasing the word ''full'' before the word ''settlement'' and writing in the word ''part'' and after receiving the proceeds of the check brought this suit.

The letter, receipt on the check and statement of account stated in terms about which there could be no

misunderstanding that the check for $44.15 was tendered by defendant in full settlement of plaintiff's entire demand. Plaintiff was demanding payment of the full cost price of the patterns and of the pattern case and it was the clearly expressed intention of defendant to make a tender including every item of her demand. That she understood such to be the intention is demonstrated by her attempt to change the nature of the tender by substituting the word "part" for the word "full." Of course the alteration was futile and she is in the position of having accepted a tender made upon the express condition that if accepted it would constitute a full settlement of the account.

The rule uniformly recognized in the decisions in this State is that where a tender is made upon the express condition that its acceptance will constitute a full settlement of a claim about which there is an honest dispute, an acceptance of such offer is an acceptance of the condition and constitutes an accord and satisfaction though the offeree in accepting the money claimed more, or declared he did not take it in full. [School Board v. Hull, 72 Mo. App. 406; Andrews v. Contracting Co., 100 Mo. App. 599; Cornelius v. Rosen, 111 Mo. App. 619; Knapp v. Syrup Co., 137 Mo. App. 472; Ward v. Packing Co., 145 Mo. App. 574.]

Where a tender is made upon condition, the person to whom it is made has no alternative but to refuse it or to accept it subject to the condition. [Adams v. Helm, 55 Mo. 468; Lightfoot v. Hurd, 113 Mo. App. 612.]

Where the claim is liquidated and there is no bona-fide dispute over its amount or the liability of the debtor, a tender of less than the full amount, though accompanied by the declaration that it is made in full satisfaction, will not, if accepted, be treated as an accord and satisfaction, since such a tender has no consideration to support it; but where there is an honest disagreement as to sum due, or of the debtor's liability,

the peaceful settlement of such a controversy furnishes a sufficient consideration for an accord and satisfaction. [School Board v. Hull, supra, and authorities cited.]

In the instant case there was an honest disagreement between the parties. The agency contract did not say in express terms that plaintiff was to have an exclusive agency for defendant in Jefferson City and there was serious question whether or not a grant of such agency should be inferred from all the terms of the contract. If she was not entitled to an exclusive agency, defendant did not breach the contract in appointing an additional agent and plaintiff had no right to terminate the contract without giving three months' written notice. In that view of the case defendant was not bound to accept a return of the patterns at a greater value than three-fourths of their cost. On the other hand if the contract gave plaintiff an exclusive agency she had a right to rescind on defendant's breach in appointing another agent, and to return the stock to defendant but there was a question as to whether or not, regardless of the actual value of the stock she was entitled to receive credit for it at its full cost prices. It is not necessary for us to decide which party had the better position as to such questions. It is enough for us to know that the claim of plaintiff was not liquidated or definitely ascertained but was the subject of serious and honest disagreement between the parties. The acceptance of the conditional tender under such circumstances was an acceptance of the condition and the court erred in sending the case to the jury.

The judgment is reversed.

All concur.