STATE OF MISSOURI, to the use of DAN M. NEE, Relator, Appellant, v. J. W. TIPPIN, T. P. FRYE, and C. J. PIKE, Judges of the County Court of Greene County, Missouri, Respondents.[*]

In the Springfield Court of Appeals, January 26, 1925.

1. **MANDAMUS: Appellate Practice: Objection That Relator in Mandamus Had Adequate Remedy at Law Waived Where Not Raised in Trial Court.** Where relator brought mandamus to compel county court to pay salary due him as former assistant prosecuting attorney, and defense was made in appellate court that he had adequate remedy at law, such defense not having been raised in trial court, *held*, that defense came too late, and was waived when not raised at trial; objection as to form of remedy being subject to waiver, when jurisdiction of the appellate court to pass on the merits of the controversy is not prohibited.

2. **ESTOPPEL: Resultant Injury Element of Estoppel.** One of the necessary elements of estoppel is that, in a legal sense, some injury will result to the other party unless the party asserting the claim or right shall be prevented from enforcing it.

3. **PROSECUTING ATTORNEYS: Public Officers: Salaries: Assistant Prosecuting Attorney Not Estopped from Collecting Back Salary by Acceptance of Lesser Amount.** Second assistant prosecuting attorney *held* not estopped from collecting back salary due him from county under section 767, Revised Statutes 1919, by accepting a lesser amount as full payment, and understanding when appointed that such sum was all that county owed him, due to ignorance of law by both parties, where no injury would result to county by permitting collection of amount that should have been paid when services were rendered.

4. ———: ———: ———: **That County Court Could Have Reduced Salary of Assistant Prosecuting Attorney, if Knowing Law, Held Not to Estop Him from Collecting Back Salary.** That county court could have reduced salary of second assistant prosecuting attorney by reducing salary of first assistant, if they had known the law, did not estop said second assistant from collecting back salary which should have been paid him, in view of sections 765, 767, Revised Statutes 1919, and that court had no voice in either attorney's appointment or salary.

---

*Headnotes 1. Appeal and Error, 3 C. J., Section 649; Courts, 15 C. J.. Section 164; Mandamus, 38 C. J., Section 745; 2. Estoppel, 21 C. J., Section 136; 3. District and Prosecuting Attorneys, 18 C. J., Section 90 (Anno); 4. District and Prosecuting Attorneys, 18 C. J., Section 90 (Anno).

Appeal from Circuit Court of Greene County.—*Hon. Orin Patterson*, Judge.

REVERSED AND REMANDED (*with directions*).

*John Schmook*, of Springfield, for appellant.

(1) Salary of Public Officer. (a) The salary of a public officer belongs to the incumbent, as an incident of the office, and as a matter of right. He is entitled to receive it, not by force of any contract, but because the law attaches it to his office. The Legislature by 1911 Act spoke definitely and finally on the subject of relator's salary. It fixed it at the same salary as by the county court allowed to the first assistant. In this case the county court allowed and paid to the first assistant $150

per month from the beginning of relator's term of service until he joined the army. Hence relator's salary, fixed by law, was $150 per month. He received only $100 during those nearly twenty months. 29 Cyc. page 1426, note 60; Givens v. Davies County, 107 Mo. 603; Bates et al. v. St. Louis, 153 Mo. 18; State ex rel. v. Walbridge, 153 Mo. 203; State ex rel. v. Gordon, 245 Mo. 27. (b) And, any attempted arrangement, intended or calculates to reduce or increase his salary to an amount varying from that of the salary of the first assistant, is void as against public policy. 29 Cyc., page 1426, note 60; 13 Corpus Juris, page 441, sec. 378; 13 Corpus Juris, page 439, sec. 376; In re Irwins Estate, 123 Mo. App. 508; State ex rel. v. Collier, 72 Mo. 13; Davis v. Millsap, 159 Mo. App. 167; Harrington v. Crawford, 136 Mo. 467; Smith v. Vernon County, 188 Mo. 501, 509, 510; Horstman v. Adamson, 101 Mo. App 119; National Exchange Bank v. Woodside, 107 Mo. App. 47. (2) Change of salary of public officer during term. (a) The assistant prosecuting attorneys are State officers. Once appointed, confirmed and commissioned they hold office "for a term equal to the remainder of the term of the prosecuting attorney by whom he (they) have been appointed," subject, of course, to the pleasure of the prosecuting attorney. Secs. 764, 767, 769, R. S. 1919. They are not removable by the county court, nor is their tenure of office (so far as lies in the power of the county court) subject to the whim or caprice of that body. They must commission the assistants, if at all, for the term provided in section 764, *supra.* and having fixed the salary of first assistant at $150 per month, from and after January 1, 1917, that act in and of itself fixed the salary of relator at the same sum. That salary is not only regarded as a per annum compensation, but it is so expressed, and is payable quarterly, and cannot be changed as and whenever the county court wills, as suggested by the trial court. Sec. 761, 764, 767, R. S. 1919; Section 8, Article 14, Constitution of Missouri. (3) Estoppel. (a) One cannot estop

himself. to deny the validity of an invalid contract, or order, such as is relied upon by respondents. It is prohibited, being against the law, and is void as against public policy, and validity cannot be given to it by estoppel. The question of waiver cannot arise in such a case. Wood v. Kansas City, 162 Mo. 303, 311; Wisecup v. Insurance Co., 186 Mo. App. 310, 313, 314; People v. Board of Police, 75 N. Y. 38; Montague's Admr. v. Massey, 76 Va. 307; Pitt v. Board of Education, 110 N. E. 612, 29 Cyc. page 1426; Agricultural Ins. Co. v. Montague, 38 Mich. 548; 11 Am. & Eng. Enc. of Law (2 Ed.), page 23; 10 R. C. L. 801; Milliken v. Haven, 212 S. W. 605, 607; Tyree v. Insurance Co., 46 S. E. (W. Va.) —; Planters Co. v. Loyd, 75 S. W. (Ark.) —; City School Corporation v. Hickman, 94 N. E. (Ind.) 828. The rule is, that no one can be estopped by an act that is illegal and void, and an estoppel can only operate in favor of a party injured in a case where there is no provision of law forbidding the party against whom the estoppel is to operate from doing the act which is sought to be carried out through its operation. Wood v. Kansas City, 162 Mo. 303, 311. (b) The acceptance of a sum, for services rendered by a public officer, less than that fixed by law, is not a waiver, nor can estoppel be made the instrumentality to do by indirection that which could not have been done directly in the first instance. City School Corporation v. Hickman, supra; Pease v. Common Council of Saginaw, 85 N. W. 1082, 126 Mich. 436; Wood v. Kansas City, supra. Authorities cited, post, under point 3 (b). (c) The moment illegality is disclosed, the court will promptly decline to aid the party who exacted or stands on the transaction as a defense. Sprague v. Mooney, 104 Mo. 349; McDearmot v. Sedgwick, 140 Mo. 172. (e) What is prohibited by the policy of the law to be done directly, cannot legally be effected by any indirect or circuitous contrivance. 2 Elliott on Contracts, par. 675, note 33. (4) Account stated, or accord and satisfaction. (a) Where the debt is liquidated, or cer-

tain, or due, payment by the debtor, and receipt by the creditor of a less sum is not a satisfaction thereof. Such payment operates only as a discharge of the amount paid, leaving the balance still due, and the creditor may sue therefor. 1 Corpus Juris, page 539. (b) Where the salary or other compensation of a public officer is fixed by law it is liquidated and the acceptance of part, although a receipt is given in full, will not operate as an accord and satisfaction or as an estoppel to claim the residue. Bostwick v. U. S., 94 U. S. 53, 24 L. Ed. 65; Whiting v. U. S., 35 Court of Claims, 291; People v. Wayne County, 41 Mich. 4, 2 N. W. 180; Clark v. State, 142 N. Y. 101, 36 N. E. 817; Kehn v. State, 93 N. Y. 291. (c) The salary of relator was fixed by statute. The order made by the county court fixing the salary of the first assistant served, by virtue of the statute (section 767, Revised Statutes 1919) enacted in 1911, to fix the salary of the second assistant at the same amount, i. e., $150 per month. No statement was required to be filed or lodged with the county court. The salary is for a definite sum. The debt due the public officer is liquidated. No audit is required. His right to the salary, so fixed, does not constitute an account stated. 1 Corpus Juris 327, p. 704. (5) Mistake. It is undisputed that until the appointment of Leonard Haydon, who succeeded relator as second assistant in September, or early October, 1918, and who discovered and directed the attention of both the county court, the prosecuting attorney and relator, to the 1911 Act, which placed the salary of the second assistant on a parity with that of the first assistant, all parties labored under the mistaken belief that the act of the 1913 Legislature was the law, and sole statute, governing the matter of salaries of the assistants, and that order of the county court of June 26, 1913, made by the court just ninety days after the approval of the 1913 Act, was proper in point of fact, and as such controlled, and that it was entirely valid from the legal viewpoint. The supposition, by all parties that the 1913

Act and the order of June 26, 1913, were the only controlling factors, led them to unconciously overlook the 1911 Act. The mistake was projected into relator's term, as witness the discrimination, in giving the first assistant $150 per month from and after January 1, 1917, as against relator's $100 monthly stipend. The case cited by the trial court, in Galbraith v. The City of Moberly, 80 Mo. Mo. 484, is authority for the view that mistake is available.

*Harold T. Lincoln,* Prosecuting Attorney, and *C. H. Skinker,* Assistant Prosecuting Attorney, both of Springfield, for respondents.

(1) Mandamus. (a) Mandamus is an extraordinary legal remedy and cannot be invoked if relator has an adequate remedy at law. High's Extraordinary Legal Remedies (3 Ed.), page 21; State ex rel. Forgrave v. Hill, 272 Mo. 206; State ex rel. Carroll v. Cape Girardeau County Court, 109 Mo. 248; State ex rel. Patterson v. Marshall, 82 Mo. 484; State v. County Court of Howard; 39 Mo. 375; State v. McAuliffe, 48 Mo. 112. (b) Relator in this case has two adequate remedies at law. First. He can file his claim for salary directly with the county court and in case of an adverse decision can appeal to the circuit court and have a trial de novo as in appeals from Justices of the Peace. Sec. 2574, 2584 and 2589, R. S. 1919. Second. He can sue the county directly in the circuit court in an action at law. Givens v. Daviess County, 107 Mo. 607; Sears v. Stone County, 105 Mo. 236; State ex rel. Forgrave v. Hill, 272 Mo. 214; 2 Dillon on Municipal Corporations (5 Ed.), sec. 866, page 1314. (c) Relator's petition for mandamus shows on its face that he has an adequate remedy at law and is not entitled even to an alternative writ of mandamus. Respondents, therefore, may properly raise this point for the first time on appeal as an additional reason why the judgment refusing the peremptory writ of mandamus

should be affirmed. 2 Cyc., page 678; Leigh v. Springfield & Marine Ins. Co., 37 Mo. App. 546. (d) The general rule is that questions not presented in the trial court in some appropriate manner will not be considered on appeal. Like most rules, it has certain well-defined exceptions. ''Since the reason for the rule is to give an opportunity to avoid the effect of an objection, the rule is not applicable where that could not have been done, even though the question had been seasonably raised in the court below. Of this character are defects apparent of record, questions relating to the jurisdiction of the court over the subject-matter, sufficiency of a complaint or declaration to state a cause of action and a want of necessary parties. 2 Cyc., page 677, sec. 4. (e) A judgment will not be reversed where the right result was reached. Sec. 1513, R. S. 1919; Peterson v. Transit Co., 199 Mo. 344; Woody v. Railway, 104 Mo. App. 683. (2) Salary of public officers. (a) The county court could have changed the salaries of the assistant prosecuting attorneys and made them both the same if the law governing their salaries had been called to its attention. The first assistant's salary could have been reduced to $1500, or even $1200 per annum. The Constitution prohibits an increase of salary but does not prohibit a decrease of salary. Sec. 8, Art. 14, Constitution of Missouri; Lycett v. Wolf, 45 Mo. App. 496; 2 Dillon on Municipal Corporations (5 Ed.), sec. 478, page 804. (b) Relator's salary could have been increased to $1500 to correspond to the salary of the first assistant, on the theory that the order fixing his salary at $1200 per annum was illegal and void. Relator cannot consistently take any other position for the very gist of his case is that the order fixing his salary at $1200 was illegal and void. (3) Mistake of law. ''It is undisputed that until the appointment of Leonard Hayden, who succeeded relator as second assistant in September, or early October, 1918, and who discovered and directed the attention of both the county court, the prosecuting attorney and relator,

to the 1911 Act, which placed the second assistant on a parity with that of the first assistant, all parties labored under the mistaken belief that the act of the 1913 Legislature was the law, and sole statute, governing the matter of salaries of the assistants, and that the order of the county court of June 26, 1913, made by the court just ninety days after the approval of the 1913 Act, was proper in point of fact, and as such controlled, and that it was entirely valid from the legal viewpoint. The supposition, by all parties, that the 1913 Act and the order of June 26, 1913, were the only controlling factors led them to unconsciously overlook the 1911 Act. The mistake was projected into relator's term, as witness the discrimination, in giving the first assistant $150 per month from and after January 1, 1917, as against relator's $100 monthly stipend.'' It being undisputed that a salary of $100 per month was paid to and received by relator under a mistake of law, he is precluded from recovering anything further, by an unbroken line of authoritories in this State. Hethcock v. Crawford County, 200 Mo. 170-2-3; Dameron v. Hamilton, 264 Mo. 121; State ex rel. v. Shipman, 125 Mo. 436; State ex rel. v. Ewing, 116 Mo. 129; Galbreath v. City of Moberly, 80 Mo. 484; 4 Dillon on Municipal Corporations (5 Ed.), secs. 1621 and 1622. (4) Waiver and estoppel. (a) The doctrine of waiver and estoppel as applicable to the facts in this case is very clearly and forcefully presented by the trial court in its judgment and the leading authorities on this question are cited in its opinion. Galbreath v. City of Moberly, supra; Williams v. Railroad, 153 Mo. 519; Henderson v. Koenig, 192 Mo. 714; State ex rel. v. Messerly, 198 Mo. 358, McNulty v. Kansas City, 201 Mo. App., 570. (5) Taxation and revenue. (a) The county court is strictly limited by the Constitution in the maximum tax rate that may be levied annually for county purposes. Sec. 11, Art. 10, Const. of Mo.; Sec. 12865, R. S. 1919. (b) ''No county . . . shall be allowed to become indebted in any manner or for any purpose to an amount exceed-

ing in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose." Sec. 12, Art. 10, Const. of Mo.  (c) The statute makes it the duty of the county court to "ascertain the sum necessary to be raised for county purposes, and fix the rate of taxes." Sec. 12863, R. S. 1919. There are five "county purposes" for which revenue is collected and appropriated.  The third purpose set out in the statute is "for the payment of the salary of all county officers, where the same is by law made payable out of the ordinary revenues of the county." Sec. 12866, R. S. 1919. (d) It was intended by sections eleven and twelve of article 10 of the Constitution to abolish the credit system and to establish a cash system in public business. Kansas City Ry. v. Thornton, 152 Mo., 570. The learned trial court took the position that had relator, as a legally constituted advisor of the county court, made timely objection to the amount of his salary, the county court could have adjusted the salaries of the assistants, making them the same, and keeping their combined salaries within $3000. the amount determined by the county court as the total salary expenditures for this purpose, thereby protecting the financial interests of Greene county; that relator, having acquiesced in the matter throughout his entire term, is estoppel by his conduct. The force of this argument is apparent in view of the constitutional and statutory restrictions on county courts with reference to the raising and expending of revenue for county purposes.

COX, P. J.—Action asking for a writ of mandamus to compel the judges of the county court of Greene county to issue a warrant to pay relator an amount alleged to be due and unpaid as salary for services as Second Assistant Prosecuting Attorney of Greene county. The trial court found against relator and he appealed.

The appeal was granted to this court and we certified it to the Supreme Court on the ground that Greene

county was the real party in interest and that fact would vest jurisdiction of the appeal in the Supreme Court. The case was there submitted in Division No. 1, and an opinion written by Commissioner Lindsey in which he held that the judgment should be affirmed. His opinion was concurred in by two judges but the other two judges of that division dissented and the case went to the court *en banc*. The court *en banc*, by a majority opinion, held that jurisdiction of the appeal was in this court and re-certified the case here without an expression of opinion on the merits. [State to the use Nee v. Gorsuch et al., 260 S. W. 455.]

The pertinent facts in this case are admitted and are brief. Relator was duly appointed Second Assistant Prosecuting Attorney of Greene county and served as such from January 21, 1917, to August 18, 1918, when he was inducted into the U. S. Army. During the time he served, he was paid and received without protest or complaint a salary of $100 per month or $1200 per year. The county court by order of record on June 26, 1913, had fixed the salary of the First Assistant Prosecuting Attorney at $1500 per year, and the salary of the Second Assistant at $1200 per year. Later, and before relator was appointed Second Assistant, another order was made increasing the salary of the First Assistant to $1800 per year and he was paid that amount during the time relator served as Second Assistant. While relator served he was paid at the rate of $1200 per year and during all that time he and the judges of the county court all thought that the order of the county court of June 26, 1913, which fixed the salary of the Second Assistant at $1200 per year was valid and binding and payments were made and received on that basis and in that belief. After relator's term had expired, it came to his knowledge for the first time that by an act of the Legislature in 1911, Acts 1911, p. 90, now section 767, Revised Statutes 1919, the State law provided that the second Assistant Prosecuting Attorney should receive the same salary as

that allowed the first assistant. Relator then demanded payment of a sum equaling the difference between $1200 per year and $1800 per year for the time he had served. Payment was refused by the county court and this action followed.

Respondents make the point in this court that the proceeding by mandamus cannot be sustained because the relator has an adequate remedy at law. That question was not raised in the trial court and we are of the opinion that the form of action when jurisdiction to pass on the merits of the controversy is not prohibited, may be waived and that respondents by not raising the question in the trial court did not waive it. A party who wishes to take advantage of the fact that his adversary is pursuing the wrong remedy in a given case must raise that question at the trial in the lower court and take the judgment of that court on that question. If that is not done and the question is raised for the first time in the motion for new trial or in the appellate court, it comes too late. [Whetstone v. Shaw, 70 Mo. 575; Estes v. Frye, 94 Mo. 266, 271, 6 S. W. 660; Kostuba v. Miller, 137 Mo. 161, 171, 38 S. W. 946; Crocker v. Barteau, 212 Mo. 359, 371-2, 110 S. W. 1062.]

On the merits of the case it is conceded that the order of the county court fixing the salary of the Second Assistant Prosecuting Attorney at $1200 per year was a nullity because the salary of that official was fixed by statute and the county court was powerless to change it. The county court had the power to fix the salary of the First Assistant. This the court did and at the time relator was appointed and while he served as Second Assistant the salary of the First Assistant had been fixed by the county court at $1800 per year and that sum was paid. When that was done the statute, section 767, Revised Statutes 1919, fixed the salary of the Second Assistant at the same amount. All this is conceded but it is contended by respondents that relator is estopped from forcing collection of the balance on a basis $1800 per year

because he accepted $1200 per year as full payment and understood when he was appointed and while rendering the service that $1200 per year was all that the county owed him. It is conceded on both sides that neither the relator nor the respondents knew until after relator's services were ended that there was a provision of the law by which the salary of the Second Assistant Prosecuting Attorney in a county in the class to which Greene county belonged was fixed at the same amount as that paid the First Assistant. It is said that ignorance of the law excuses no one nor can it be used as a basis on which to rest a cause of action. While that is true, it is also true that ignorance of the law cannot be used as a basis on which to rest a defense. The rule applies with equal force to all parties and neither relator nor respondents can be allowed to profit by the fact that they did not know the law when relator's services were rendered and paid for at a less sum that the law provided he should receive. Since ignorance of the law excuses on one, we must determine the merits of this controversy exactly as we would determine it had all parties, in fact, known the law when relator's services were rendered and he paid therefor. Proceeding from that premise we do not think relator is estopped in this case. One of the necessary elements of estoppel is that, in a legal sense, some injury will result to the other party unless the party asserting the claim or right shall be prevented from enforcing it. [Acton v. Dooley, 74 Mo. 63, 67; Blodgett v. Perry, 97 Mo. 262, 272, 10 S. W. 891; State ex inf. Kilham v. Consolidated School District, 272 Mo. 458, 473; Grafeman Dairy Co. v. Northwestern Bank, 290 Mo. 311, 335, 235 S. W. 435; Vette v. Hackman, 292 Mo. 138, 147, 237 S. W. 802.]

We cannot see that any injury will result to respondents or to Greene county by permitting relator to now collect what should have been paid him when his services were rendered to the county. It will cost no more to pay it now than it would have cost to have paid it then. It

has been suggested that had the judges of the county court known law and had relator demanded the larger amount at the time, the county court could have reduced the salary of the First Assistant, in which case the Second Assistant could only have collected the same amount and the interests of the county could have been protected in that way. That argument can have force upon but one theory and that is that the Prosecuting Attorney and his assistants are the legal advisers of the judges of the county court and that it was the duty of relator to have known the law and to have advised the county court of its provisions. We do not understand that the prosecuting attorney is required to advise the county court unless asked to do so. If there were an an issue of fraud or overreaching in this case and any facts to show that in equity and good conscience the relator should have given information of that character to the respondents, a different question would be presented, but there is nothing of that kind in this case. Aside from all of that, we do not think the mere fact that it would have been possible for the county court to have lessened relator's salary by reducing the salary of the First Assistant can be given any consideration here. The county court had no voice in this appointment of a Second Assistant Prosecuting Attorney. By the terms of the statute, section 765, Revised Statutes 1919, the appointment of a Second Assistant is made by the prosecuting attorney when he and the judge of the court having jurisdiction in criminal cases in that county shall together determine that such appointment is necessary. Neither does the county court have any voice in fixing his salary. The statute fixes that. They do have a voice in determining whether it is necessary to appoint a first assistant and when one is appointed they fix his salary. They would, of course, be presumed to fix his salary at a sum that would reasonably compensate him for the services to be rendered. Should the circuit Judge and the prosecuting attorney determine that the work of his office re-

quired the addition of a second assistant, and one should be appointed, we cannot assume that the fact of the appointment of a second assistant would render the services of the first assistant of less value to the county and make a reduction in his salary necessary or justifiable. To work an estoppel there should be a showing that injury would in fact result if estoppel were not applied. We do not think that a mere showing that it would have been possible for a party to have pursued a different course is sufficient. In fact, it appears in this case that after the existence of the law referred to was discovered, the then second assistant was paid on the basis of $1800 per year and no reduction was made in the salary of the first assistant. We do not think that under the facts in this case the relator is estopped.

It is further contended that if relator is not estopped he at least waived his right to collect the additional amount and recovery should be refused upon that ground. We have been cited to a great number of cases, which, it is contended, hold that both estoppel and waiver should be applied to defeat recovery in this case. We have examined all them but find none that we think are controlling in this case. We think the question of waiver, like the question of estoppel, must be determined without any reference to the ignorance of the parties as to the provisions of the law which fixed the salary of the second assistant the same as that fixed by the county court for the first assistant. To do otherwise would permit one party or the other to profit by his ignorance of the law and that cannot be done. We then have the following set of facts. Relator is serving as Second Assistant Prosecuting Attorney and is entitled to receive $1800 per year or $150 per month. At the end of the first month, the county owes him $150. The judges pay him $100. What about the balance of $50? Is the county relieved from liability for that balance? If so, upon what theory? If relieved it can be upon but one theory and that is that acceptance of a part of the debt then due as payment in

full discharges the entire debt. Had the parties known of the existence of the statute at that time and had discussed the matter and relator and respondents had then and there agreed that by the payment of $100 the debt of $150 should be discharged in full, it would not have paid it. Relator could have sued the next day and recovered the balance of $50 for there would have been no consideration for his agreement to take less than the amount due as payment in full and without such a consideration, he would not be bound. [Barrett v. Kern, 141 Mo. App. 5, 25, 121 S. W. 774; Bartley v. Pictorial Review Co., 188 Mo. App. 639, 644, 176 S. W. 489; Wetmore v. Crouch, 150 Mo. 671, 683, 51 S. W. 738; Scott v. Parkview Realty & Improvement Co., 241 Mo. 112, 134, 145 S. W. 48.]

If he had been paid nothing until the end of his term and had then been paid in a lump sum at the rate of $100 per month for the entire time, the rule would have been the same. No reason can be assigned why the rule should be changed by reason of the fact that payments were made and accepted in the same way each month as the time passed. Each payment was less than the amount due and accepted without any consideration therefor as payment in full and for that reason the relator was not bound. The fact that all parties thought the amount paid was all that was due, standing alone, and the fact that this belief arose from ignorance of the law could make no difference as to their legal rights. To hold otherwise would result in punishing a man solely because of his lack of knowledge of the law and we do not think that can be done. Ignorance of the law neither excuses nor condemns. The legal rights of parties who are in fact ignorant of the law's provisions are to be determined and settled just as they would be if the parties knew the law, and had the parties in this case in fact known of the provisions of the law and while possessing that knowledge had done just what they did do, we do not think the doctrine of either estoppel or waiver could have been invoked in this case.

The judgment will be reversed and the cause remanded with directions to enter judgment making the writ permanent. *Bradley, J.*, concurs; *Bailey, J.*, not sitting.